SIMON, Justice.
 

 Relators, Robert R. Boucher, Ancil C. Wilkinson and Jules R. Gueymard, instituted this mandamus proceeding in the District Court of East Baton Rouge Parish against the Administrator of the Division of Employment Security of the Department of Labor, the Commissioner of Labor and the Treasurer of the State of Louisiana, seeking the recovery of back salaries for the period from June 24, 1953 to October 29, 1954, alleging improper and illegal dismissal from their Civil Service offices on June 24, 1953. See Boucher v. Division of Employment Security, etc., 226 La. 227, 75 So.2d 343. Alternative writs of mandamus issued.
 

 Respondent, the Commissioner of Labor, filed an exception of misjoinder of parties defendant, contending that under the law he exercises no responsibility, nor is he charged therewith, in connection with the administration of the Division of Employment Security. Though counsel for ex-ceptor has filed a brief herein, there is. nothing for us to review, the merits of said, exception not having been disposed of below. However, the conclusions we reach herein will not deprive exceptor of the right to reurge this exception in the district court.
 

 Respondents, the Administrator of Division of Employment Security of the Department of Labor and the Treasurer of the State of Louisiana, filed a plea to the jurisdiction of the district court, ratione materiae, and exceptions of lis pendens, prematurity, no right or cause of action, and improper verification. The merits of the last-named exception, not having been considered by the trial court, are not before us for review. Upon hearing, judgment was rendered maintaining the remaining exceptions, recalling and setting aside the alternative writ of mandamus, and dismissing relators’ suit. Hence this appeal.
 

 The pleadings in connection with the exceptions sustained below presented the following pertinent facts: On June 24, 1953, relators were dismissed from their Civil Service employment in the Division of Employment Security, which action was subsequently affirmed by the Civil Service Commission. Upon appeal to this court, the judgment of the Civil Service Commission was reversed and set aside and the dismissal of these relators held to be illegal, null and void.
 
 [1]
 

 
 *1083
 
 Pursuant to the judgment and decree of this court, as shown by a certified copy of the roster of classified state employees attached to the petition, each relator on October 8, 1954, was reinstated to his former status as to salary and classification. Notwithstanding said reinstatement, relators were again dismissed by the Division of Employment Security on October 29, 1954, the justification of which is now pending on appeal before the Civil Service Commission.
 

 They further show that despite the fact that their dismissal on June 24, 1953, was declared by us to be illegal, and that they were at all times willing and available to perform the duties of their employment, and despite the further fact that on October 8, 1954, they were reinstated to the State Civil Service roster of classified employees with acknowledgement thereon that their dismissals on June 24, 1953, were null, void and of no effect, relators were not paid any salaries during the period from the date of their dismissal on June 24, 1953, to their second dismissal on October 29, 1954.
 

 The right to sue for the recovery of these back salaries, as presented in this proceeding, is the sole question before us. The issues raised by the exceptions, however, are so correlated that a consideration of either involves a discussion and adjudication of all.
 

 Respondents urge that the validity of the judgment of the district court is supported by Article XIV, § 15(O) (1) of the LSA-Constitution, which specifically vests in the Civil Service Commission original jurisdiction and “the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases”. This Article further provides that the decision of the Commission “shall be final on the facts” with the right of an appeal to this court on “any question of law” when timely applied for.
 

 Thus it is apparent that respondents’ contentions involve solely the question of the proper forum in which relators are entitled to assert their respective claims.
 

 Counsel for respondents have unwittingly fallen into error when they state that paragraph IV of relators’ petition for mandamus presents the questions of reinstatement and back pay and that both claims are “still pending before the State Civil Service Commission”. Said paragraph IV actually reads, “Relators show that on October 29, 1954, they were again illegally and unlawfully dismissed from the service by the said respondent from which action your relators have appealed and which proceedings are still pending before the State Civil Service Commission.” Clearly, the appeal referred to by relators and which is still pending before the Commission does not involve any claim whatsoever for back pay. Relators’ appeal pending before the Commission involves solely the legality of their dismissal from the service on October
 
 *1085
 
 29, 1954, the jurisdiction of which is vested exclusively in the Commission.
 
 [2]
 

 The provisions of Article XIV, § 15(0) (3),
 
 [3]
 
 also relied upon by respondents to support their contention that the Commission is vested with the exclusive original forum to decide or resolve any claim for back pay, is not applicable here. This particular sub-paragraph becomes applicable and effective only where there has been a legal dismissal followed by a hearing and reinstatement. Upon such reinstatement the Commission may, in the exercise of its discretion, grant or refuse the award of back pay; but the predicate of a lawful dismissal or suspension, followed by a subsequent reinstatement, must exist before the discretionary power vested in the Commission by this sub-paragraph can be exercised. In the absence of a lawful dismissal there is no necessity, in law or in fact, for a reinstatement.
 

 In the case at bar, relators were never lawfully dismissed
 
 [4]
 
 from their Civil Service offices and their services never lawfully terminated. Until there has been a lawful removal for cause,
 
 [5]
 
 a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom.
 

 We are cognizant of the basic purpose of our Civil Service laws and are admonished to adhere to its spirit and motive, designed as they are, to guarantee the independent security and welfare of public service. We conclude that during the interim of June 24, 1953 to October 29, 1954, relators, having never been lawfully dismissed, as previously adjudged by us, retained their permanent status as Civil Service servants and are entitled to receive payment of their salaries during the period of time, and until they have been lawfully removed or suspended for cause.
 

 In the recent case of City of New Orleans v. Jackson, 224 La. 771, 70 So.2d 679, 683, we said:
 

 “With regard to cases of this character * * * in which the reinstated’ employee demands his back salary, a very pertinent observation made by this Court, is found in the case of State ex rel. Charles v. Board of Commissioners of Port of New Orleans, 159 La. 69, 77, 105 So. 228, 230. * * *
 

 
 *1087
 
 “ ‘ * * * if, * * * it is shown that he has not merited discharge, then his suspension is a mere enforced vacation for which the board must pay him as
 
 if he had never been suspended
 
 (Emphasis ours.)”
 

 Under Article 834 of our Code of Practice the writ of mandamus lies to order and compel public officers to perform the mandatory duties which their offices impose upon them. State ex rel. Sonnenberg v. Board of Com’rs, 1922, 149 La. 1095, 90 So. 417; State ex rel. Hughes v. Board of Com’rs, 1922, 150 La. 1, 90 So. 419; State ex rel. Tallant v. Board, 1926, 161 La. 361, 108 So. 770; State ex rel. Pepper v. Sewerage & Water Board, 1933, 177 La. 740, 149 So. 441; State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65.
 

 Accordingly, for the reasons assigned, the judgment of the district court is reversed, annulled and set aside, and it is ordered, adjudged and decreed that the exceptions discussed herein be, and the same are hereby overruled.
 

 It is further ordered, adjudged and decreed that this cause be, and the same is hereby remanded for proceedings in the district court not inconsistent with the views herein expressed and in accordance with law.
 

 McCALEB, J., concurs in the decree.
 

 [1]
 

 . Boucher v. Division of Employment Security, etc., supra.
 

 [2]
 

 . Article XIV, § 15(O) (1).
 

 [3]
 

 . “If any Commission after any hearing orders a dismissal or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time.”
 

 [4]
 

 . Boucher v. Division of Employment Security, etc., supra.
 

 [5]
 

 . Article XIV, § 15 (N) (1) of the Constitution which provides that “No person * * *, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, * *