HAMITER, Justice.
This mandamus proceeding is a sequel to the case of Anderson v. Division of Employment Security, 227 La. 432, 79 So.2d 565. Therein we concluded that this relator had been illegally discharged on June 24, 1953, from his civil service position, and we decreed (on March 21, 1955) that the decision of the State Civil Service Commission sustaining the dismissal be annulled and set asde.
■ Meanwhile, on October 29, 1954, the appointing authority again sought to dismiss relator, and such dismissal was also sustained by the mentioned Commission. An appeal from that holding is now pending in this court. Anderson v. Division of Employment Security, No. 42,856.
■ On January 9, 1956, relator instituted the instant mandamus proceeding the purpose of which is to compel payment of his salary from June 24, 1953 (the date of the decreed illegal discharge), to October 29, 1954 (the date of the purported second discharge).
To the petition the respondent administrator filed exceptions to the jurisdiction of the court ratione materiae, of no right and no cause of action, and of prematurity. He also pleaded lis pendens.
The respondent state treasurer first excepted to the petition as stating neither a right nor a cause of action. Then he answered, affirmatively averring that, aside from his countersigning of checks, he has no control of the bank account from which relator is paid.
*819 The district court overruled the plea of lis pendens, sustained all of the mentioned exceptions of the two respondents, and dismissed the suit. From the judgment relator is presently appealing.
Decisive of this appeal, we think, is our decision in State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827, 830. The civil service employees therein were twice dismissed under circumstances identical with those pertaining to this relator (the department, dates and causes were alike), and they brought that mandamus proceeding to compel payment of their salaries for the same period from June 24, 1953, to October 29, 1954. In this court the exceptions, pleas and arguments considered were similar to those here presented. The only difference between the two cases is that during our consideration of the Boucher controversy the question of the validity of the second dismissal was still pending before the Civil Service Commission, whereas since that time the Commission has approved such dismissal.
Directing attention to that difference, and particularly relying on the Commission’s holding that relator has since beeij properly dismissed for cause, counsel for the respondent administrator contend that such second dismissal was retroactive to June 24, 1953 (when the first dismissal was attempted) and that he, therefore, cannot recover any back pay. But this contention completely overlooks the rationale-of the Boucher case which was that, regardless of the validity of the second discharge, the civil service employees were entitled to recover their salaries for the period between the two dismissal attempts, because then they were still in the classified service inasmuch as initially the discharge was illegal. Thus, we said therein :
“In the case at bar, relators were never lawfully dismissed from their Civil Service offices and their services never lawfully terminated. Until there has been a lawful removal for cause, a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom.
“ * * * We conclude that during the interim of June 24, 1953 to October 29, 1954, relators, having never been lawfully dismissed, as previously adjudged by us, retained their permanent status as Civil Service servants and are entitled to receive payment of their salaries during the period of time, and until they have been lawfully removed or suspended for cause.”
Accordingly, in the Boucher matter, we overruled the exceptions and pleas and remanded the cause for further proceedings.
Counsel for the respondent administrator further argues that relator can *821 not succeed herein for the reason that he voluntarily resigned from the state service by withdrawing all funds to his credit in the Louisiana State Employees’ Retirement System Fund. Obviously, this argument addresses itself to the merits of the cause; it is inapplicable to the exceptions and pleas presently under consideration.
For the reasons assigned the judgment appealed from is reversed and set aside, the exceptions and pleas involved herein are now overruled, and the case is remanded for further proceedings according to law and consistent with the views herein expressed.