94 So.2d 451

STATE of Louisiana ex rel. Robert R. BOUCHER et al.

v.

J. Hadley HEARD, Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, et al.

No. 43156.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Jack P. F. Gremillion, Atty. Gen., Harry Fuller, 2nd Asst. Atty. Gen., Lewis D. Dunbar, Marion Weimer, Baton Rouge, for respondents-appellants.

James J. Morrison, Morrison & Newell, New Orleans, for relators-appellees.

HAWTHORNE, Justice.

This is an appeal from a judgment of the district court ordering respondents-appellants, Richard E. Walker, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, and A. P. Tugwell, Treasurer of the State of Louisiana, to pay to relators, Robert R. Boucher, Ancil C. Wilkinson, and Jules R. Gueymard, back salaries from June 24, 1953, through October 29, 1954.

This is the third time we have been called upon to consider the circumstances of this case. First, there was before us an appeal from the decision of the State Civil Service Commission sustaining the dismiss-al for cause of these relators on June 24, 1953. In that appeal this court held that the removal of Boucher, Wilkinson, and Gueymard was improper because the appointing authority had not furnished the Director of Personnel with advance written notice of their removal, as required by Rule XII, Section 2, of the Commission. Accordingly we reversed the decision of the Commission which had sustained their dismissal by the Administrator of the Division of Employment Security of the Department of Labor. See Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343.

In State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827, Boucher, Wilkinson, and Gueymard instituted mandamus proceedings in the district court against the Administrator of the Division of Employment Security, the Commissioner of Labor, and the Treasurer of the State of Louisiana to recover their back salaries from June 24, 1953, to October 29, 1954, alleging that they had never been lawfully dismissed from their civil service offices, and that their services had never lawfully terminated. The lower court dismissed these mandamus proceedings on various exceptions, among which were a plea to the jurisdiction of the district court ratione materiae, exceptions of lis pendens, prematurity, and no right or cause of action. On appeal this court reversed the judgment of the

lower court, overruled the exceptions, and remanded the case to the district court for further proceedings, holding that under Article 834 of our Code of Practice the writ of mandamus lies to order public officers to perform their mandatory duties, and that accordingly Boucher and the other relators were entitled to bring mandamus proceedings to recover their back salaries because they had never been lawfully dismissed from their civil service offices.

The present appeal is from a judgment on the merits in the mandamus proceedings. This judgment, as we have said, ordered the Administrator of the Division of Employment Security of the Department of Labor and the State Treasurer to pay to relators, Boucher, Wilkinson, and Gueymard, their back salaries from June 24, 1953, through October 29, 1954.[1]

On this appeal respondents are again urging their plea of lis pendens, contending that relators' claim for back pay for the period June 24, 1953, through October 29, 1954, is still pending before the State Civil Service Commission, and that accordingly relators are seeking to recover this amount in two forums at the same time. Respondents state that in our former opinion in this mandamus proceeding we erroneously overruled their plea of lis pendens, and that we were in error when we stated: " * * * the appeal referred to by relators and which is still pending before the Commission does not involve any claim whatsoever for back pay. Relators' appeal pending before the Commission involves solely the legality of their dismissal from the service on October 29, 1954, the jurisdiction of which is vested exclusively in the Commission." [228 La. 1078, 84 So.2d 829] Respondents then attempt to show that this claim for back salary is involved in the proceeding pending before the Commission by quoting from relators' appeal to the Commission their prayer for reinstatement "with full pay for lost time".

 For the exception of lis pendens to be well founded, the two actions must be between the same parties, for the same object, and growing out of the same cause of action, either in the same court or in another court of concurrent jurisdiction. La. Code Prac. Arts. 94, 335; see McMahon, Louisiana Practice, Vol. 1, p. 315 et seq., and authorities there cited.

 In the instant case it is unnecessary for us to decide whether the Civil Service Commission is a court within the meaning of Articles 94 and 335 of the Code of Practice. However, if we pretermit this question and concede for the sake of argument that it is a court, the question then presents itself whether the Commission is a court of concurrent jurisdiction.

1. Under this judgment Boucher will receive $7,436.67 in back pay, Wilkinson $10,023.34, and Gueymard $8,123.75.

The first time this case was before this court, 226 La. 227, 75 So.2d 343, we held that the dismissal of relators on June 24, 1953, was illegal, null, and void, as stated above. Subsequently, when this case was before us on appeal from the district court's judgment sustaining exceptions in the present mandamus proceeding, 228 La. 1078, 84 So.2d 827, 830, we held that the provision of Article 14, Section 15(O) (3), of the Constitution which permits the Commission to order full pay for lost time to an employee reinstated was not applicable to the facts of the instant case. We pointed out in that opinion that for the constitutional provision regarding back pay to be applicable the predicate of a lawful dismissal or suspension followed by a subsequent reinstatement must exist before the discretionary power vested in the Commission to order back pay can be exercised, and that "In the absence of a lawful dismissal there is no necessity, in law or in fact, for a reinstatement". We then said that relators were never lawfully dismissed from their civil service offices and their services never lawfully terminated. In other words, we held that the Commission was without jurisdiction to decide any claim for back pay under the facts of this case.[2]

That the question of back pay was not before the Commission was recognized in State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324, 325, from which the trial judge here quoted in his reasons for judgment. This court said in the Anderson case: " * * * Counsel for the respondent administrator contend that such second dismissal was retroactive to June 24, 1953 (when the first dismissal was attempted) and that he, therefore, cannot recover any back pay. But this contention completely overlooks the rationale of the Boucher case which was that, regardless of the validity of the second discharge, the civil service employees were entitled to recover their salaries for the period between the two dismissal attempts, because then they were still in the classified service inasmuch as initially the discharge was illegal."

As we have said, this court held in the first of this series of cases, Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343, that the dismissal of these relators on June 24, 1953, was illegal, null, and void because of non-compliance with the provisions of Rule XII, Section 2, of the rules of the Civil Service Commission which required that the Director of

2. The Commission itself, as shown by its interlocutory ruling entered on January 19, 1955, was of the view that the only question for determination on relators' appeal then pending before it was the le-

gality of their discharge effective October 29, 1954, and by this ruling the Commission made it plain that this was the only question presented for determination in the appeal before it.

Personnel should be given advance written notice of the removal.[3] Despite that decision, respondents now argue that the failure to give notice to the Director did not invalidate or nullify the dismissals. This argument is predicated on the theory that the rule goes beyond the constitutional requirement of the civil service constitutional amendment of 1952, now Article 14, Section 15(N) (1), of the Louisiana Constitution, which provides that "No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority * * *". In short, respondents' contention is that the Civil Service Commission could not, without legislating, adopt any rule or regulation which would conflict with or go beyond the authority specifically conferred by the provision of the Constitution. It is respondents' position that the appointing authority in the instant case complied with every requirement of the constitutional provision in the dismissal of relators for cause on June 24, 1953, and that this was sufficient.

Article 14, Section 15(I), of the Constitution confers upon the State Civil Service Commission the power to adopt rules having the effect of law regulating removals, etc.

In adopting Rule XII, Section 2, the Civil Service Commission did not go beyond the authority of the constitutional article because there is nothing in this rule which contradicts the Constitution or enlarges the powers of the Commission. Article 14, Section 15(N) (1), of the Constitution requires that the appointing authority put in writing the cause for the employee's dismissal, and the rule adopted by the Commission merely prescribes the manner or procedure of giving notice and to whom it is to be given. There is therefore no merit in respondents' contention. Moreover, the cases which respondents cite are neither pertinent nor applicable to the question here presented, and hence are not decisive.

For the reasons assigned the judgment appealed from is affirmed; costs insofar as allowed by law are to be paid by respondents.

SIMON, J., absent.

McCALEB, Justice (concurring).

Although I presently entertain doubt as to the correctness of our previous decisions herein, which are reported in 226 La. 227, 75 So.2d 343 and 228 La. 1078, 84 So.2d 827, it can hardly be gainsaid that they are the law of the case. Hence, the ruling now made is entirely proper.

3. Respondents point out in brief that Rule XII, Section 2, insofar as it required such advance written notice to be given to the Director of Personnel has been repealed.