101 So.2d 199 (1958)
234 La. 678
Curlie D. BENNETT
v.
LOUISIANA WILD LIFE AND FISHERIES COMMISSION.
No. 43721.
Supreme Court of Louisiana.
March 17, 1958.
*200 Cadwallader & Perkins, Baton Rouge, for appellant.
Warren M. Simon, New Orleans, for appellee.
FOURNET, Chief Justice.
The plaintiff, Curlie D. Bennett, a classified employee, prosecutes this appeal from the refusal of the State Civil Service Commission to issue a decree ordering the defendant, Louisiana Wild Life and Fisheries Commission, to pay his regular monthly salary of $280 per month as a Seismic Agent for the period during which he was illegally separated from his position.
The undisputed facts are appellant's employment as a permanent employee under the classification of Seismic Agent dates back to January 15, 1953; Seismic Agents were in the classified service until Mid-October of 1956 when the Commission, upon written request from the then director of the defendant Agency, supplemented by factual representations and supporting data, placed Seismic Agents in the unclassified service.[1] Immediately thereafter, twenty-one Seismic Agents were separated from the State service, without expression of cause in writing, and on December 5, 1956, *201 a letter was addressed to appellant by the defendant's then Director containing only the sentence: "Effective December 8, 1956, your services as a Seismic Agent with this Department will be terminated." Meanwhile, fifteen Seismic Agents had been employed on a regular basis. Appellant filed a timely appeal which, when first called for hearing, was continued by consent of both parties, because the State Civil Service Commission was at that time reinvestigating the status of all Seismic Agents. As a result of that investigation, action was taken by the Commission at its meeting held on March 25, 1957, and approved on April 23, 1957, rescinding and annulling its previous declaration that the position of Seismic Agent properly belonged in the unclassified service, "to the same extent and with the same effect as if never made," the Commission having found that its action had been induced by false representations. The appellant was advised of these matters by letter dated May 3, 1957, with the added information that "* * * all Seismic Agents, including yourself, are now in the classified service and your name will be placed on the list of eligibles for seismic duties."
When the present appeal was called for hearing before the Commission (May 23-24, 1957), by stipulation of counsel it was agreed that appellant had not received any compensation from December 8, 1956, until May 23, 1957. Following argument, counsel for defendant moved that the appeal be dismissed on the ground that the questions involved were moot; the matter was taken under advisement, and the Commission rendered its decision, stating that "the only question now at issue is the demand of Curlie D. Bennett for a decree from this Commission ordering the Louisiana Wild Life and Fisheries Commission to pay him compensation for the period during which he was separated from his position as Seismic Agent." In its Conclusions the Commission declared: "The notice of December 5, 1956, attempting to terminate appellant's service without any expression of cause was constitutionally inadequate to accomplish the discharge of an employee in the permanent classified service (Const. Art. XIV, Sec. 15(N) (1))"; that "The discharge of appellant was clearly illegal and unlawful;" and, reasoning that this Court in the Boucher case,[2] construing Section 15(O) (3) of Article 14 of the Constitution,[3] had said: "This particular sub-paragraph becomes applicable and effective only where there has been a legal dismissal followed by a hearing and reinstatement * * * but the predicate of a lawful dismissal or suspension, followed by a subsequent reinstatement, must exist before the discretionary power vested in the Commission by this sub-paragraph can be exercised. In the absence of a lawful dismissal there is no necessity, in law or in fact, for a reinstatement" (emphasis the Commission's), concluded "There was no order of reinstatement by this Commission, and under the cited cases none is necessary," and "If appellant has been deprived of pay by an illegal discharge, he must look elsewhere for relief."
As aptly observed in the first Boucher opinion (228 La. at page 1085, 84 So.2d at page 830)and which may be said to represent the uniform jurisprudence of this Court in the instance of one who has acquired permanent Civil Service status "Until there has been a lawful removal for cause, a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom." In reviewing the decisions of the Civil Service Commissions on *202 appeal here, when the facts show, as in this case, that the employee was illegally dismissed and his services never lawfully terminated, we have said that such employee retained his permanent status as a Civil Service servant and is entitled to receive payment of his salary during the period of time, and until he has been lawfully removed or suspended for cause. State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324; Day v. Department of Institutions, 231 La. 775, 93 So.2d 1; State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451.
Under the facts of the instant case, at the time the Commission rendered its decision, the status of the appellant as a classified employee had been reestablished by his reinstatement. Consequently, when the Commission concluded that his services were never legally terminated, and therefore that he was never lawfully discharged, under the foregoing jurisprudence he became entitled as a matter of course and without an order of the Commission to receive his regular salary until legally suspended or dismissed for cause.
It should be observed that the powers and functions of the Civil Service Commissions are limited within the phraseology of Article 14, Section 15 of the Constitution, and are restricted to establishing, fixing and maintaining the status of employees within the service and to adopting such rules as are necessary to carry out those functions. The Commissions were never vested with the attributes, the powers and the authority of courts, beyond such as were specifically granted in the constitutional amendment; to illustrate, the Commissions are clearly without authority to render money judgments and enforce the payment thereof. Once the rights and status of an employee are established, resort must be had to the regular channels for the enforcement of those rights.
Counsel for the appellant, however, assert that the Boucher case is inapplicable to the case at bar, contending that it is authority for the proposition that if the discharge is initially illegal, then the Commission is without authority to order payment of back salary and the employee should properly file a mandamus action, but when a lawful dismissal or suspension is followed by a subsequent reinstatement, the discretionary power vested in the Commission to order back pay can be exercised; and argue that it is the latter situation which existed in this case, because appellant's discharge at the time it was made was procedurally correct and hence lawful (the position of Seismic Agent having at the time an unclassified status, according to the Commission's declaration); and that it was only after extensive independent investigation by the Commission itself that its previous declaration was rescinded and annulled as having been induced by fraudulent representations. Hence, counsel maintain, the Commission does have authority to order back pay because here there was a legal dismissal followed by a reinstatementthe very situation which the Boucher opinion said must exist before the Commission can exercise the power vested in it by the Constitution. As an alternative contention, and in the event we should find that the Commission lacks authority to order payment of back salary to appellant, counsel urge that this Court should itself order such payment without burdening the appellant with the filing of a mandamus action.
The failure of counsel's reasoning lies in his assertion that appellant's dismissal was initially legal; under the facts of this case, that obviously is not true. And since the dismissal was initially illegal, this case is clearly governed by the rule of the Boucher case, i. e., there having been no lawful dismissal, there is no necessity for reinstatement.
Counsel's suggestion, in the alternative, that this Court order mandamus and thereby obviate the necessity of an action in a district court, cannot be entertained; we are not a court of original jurisdiction, and while we have on one or two previous *203 occasions, in reinstating employees illegally removed, appended to the order of reinstatement the words "with full pay,"[4] we were merely expressing that to which the employee is entitled by law; that phrase was not necessary to the decree, and as such was mere surplusage.
We therefore conclude that under the findings of fact and the conclusions of the Commission, the appeal was properly dismissed.
McCALEB, Justice (dissenting).
It is my opinion that the Civil Service Commission should have ordered plaintiff reinstated with full pay and that, since it has not done so, this Court, on appeal, has not only the right but should grant this relief.
The majority view appears to be based primarily on certain statements contained in the decision of State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827, 830, to the effect that the provision of Section 15 (O) (3) of Article 14 of the Constitution, authorizing the reinstatement by the Civil Service Commission of a dismissed or suspended employee with full pay for lost time,[1] is applicable only in cases "* * * where there has been a legal dismissal followed by a hearing and reinstatement".[2] From this premise, it is concluded by the majority that, since the Commission found that plaintiff's services were never legally terminated and that he was never lawfully discharged, he became entitled, as a matter of course, to receive his regular salary but that the Commission, not being a court which could enforce payment, had no right to order the defendant to pay his back salary.
The consequence of this holding is the obliteration, for all practical purposes, of the provisions of Paragraph 3 of Section 15(O) of Article 14 of the Constitution, for it is difficult to perceive any case in which a lawfully dismissed or suspended employee, would be reinstated with full pay by the Commission.
It is my view that paragraph 3 of Section 15(0) of the Civil Service Law applies in its essence to all matters in which there has been an illegal dismissal or suspension because the jurisdiction of the Civil Service Commission to hear and decide all appeals of employees, who have been removed or disciplined, extends only to cases where the employee is claiming that he has been deprived of his rights or discriminated against without lawful cause.
If an employee has been dismissed without cause expressed in writing, or for stated reasons which are untrue, the only forum to which he can apply for reinstatement is the Civil Service Commission. Hence, it just will not do to say, when the Constitution itself declares that the Civil Service Commission has the right to reinstate the discharged employee under such conditions as it deems proper and may order full pay for lost time, that the Commission is not authorized to do so either because it cannot enforce its order or for any other reason. *204 Indeed, not only does the Constitution give the Commission the right to enter such an order but it specially provides the method of enforcement in Section 15 (P) (5) of Article 14, declaring that "Any valid rule, regulation, or order of a State or a City Civil Service Commission shall be enforceable in courts of this State by mandamus or injunction suits brought for this purpose by the appropriate Civil Service Commission."
Hence, it is seen that it was a clear abuse of discretion on the part of the Civil Service Commission, when it found that plaintiff's separation from the service was illegal, to refuse to reinstate him with full back pay.[3] This is a matter that this Court should correct on plaintiff's appeal. Surely, it cannot be rightfully concluded, even if someone had the temerity to suggest it, that this Court is without power to issue and enforce an order for reinstatement with back pay.
I respectfully dissent.
NOTES
[1] La.Const. of 1921, Art. 14, Sec. 15(G) (a) provides, in pertinent part: "The Unclassified State and City Service shall comprise the following offices and positions: * * * (16) Laborers and other workers employed and paid on an hourly, daily, or piece work basis, provided the inclusion of such persons in the Unclassified Service is requested by the appointing authority and is approved by the appropriate Commission; * * *."
[2] State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; and again reported in 232 La. 499, 94 So.2d 451, in which the holding of the previous opinion was quoted and reaffirmed.
[3] That section provides: "If any Commission after any hearing orders a dismissed or suspended employee reinstated * * * as it deems proper and may order full pay for lost time."
[4] See Young v. Charity Hospital of Louisiana, 226 La. 708, 77 So.2d 13; Day v. Department of Institutions, 231 La. 775, 93 So.2d 1, 11.
[1] The exact language of the Constitution reads: "If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time."
[2] It was because of this pronouncement, to which I do not and did not subscribe, that I concurred in the decree in the Boucher case. Since that decision was handed down, I have, upon further reflection, entertained serious doubt that plaintiff was entitled to a writ of mandamus. Inasmuch as this Court did not in its prior decision (see Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343) order plaintiff's reinstatement with back pay, it would not appear that the appointing authority violated a ministerial duty in not giving; plaintiff back pay on his reinstatement.
[3] While the law vests in the Commission discretion, a refusal to grant back pay for lost time to an employee, disciplined or discharged without legal cause, should be founded on good reason, which does not appear in this case.