McCALEB, Justice
(dissenting).
It is my opinion that the Civil Service Commission should have ordered plaintiff reinstated with full pay and that, since it has not done so, this Court, on appeal, has not only the right but should grant this relief.
The majority view appears to be based primarily on certain statements contained in the decision of State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827, 830, to the effect that the provision of Section IS (O) (3) of Article 14 of the Constitution, authorizing the reinstatement by the Civil Service Commission of a dismissed or suspended employee with full pay for lost time,[1] is applicable only in cases “ * * * where there has been a legal dismissal followed by a hearing and reinstatement”.[2] From this premise, it is concluded by the *689 majority that, since the Commission found that plaintiff’s services were never legally terminated and that he was never lawfully discharged, he became entitled, as a matter of course, to receive his regular salary but that the Commission, not being a court which could enforce payment, had no right to order the defendant to pay his back salary.
The consequence of this holding is the obliteration, for all practical purposes, of the provisions of Paragraph 3 of Section 15(0) of Article 14 of the Constitution, for it is difficult to perceive any case in which a lawfully dismissed or suspended employee would be reinstated with full pay by the Commission.
It is my view that paragraph 3 of Section 15(0) of the Civil Service Law applies in its essence to all matters in which there has been an illegal dismissal or suspension because the jurisdiction of the Civil Service Commission to hear and decide all appeals of employees, who have been removed or disciplined, extends only to cases where the employee is claiming that he has been deprived of his rights or discriminated against without lawful cause.
If an employee has been dismissed without cause expressed in writng, or for stated reasons which are untrue, the only forum to which he can apply for reinstatement is the Civil Service Commission. Hence, it just will not do to say, when the Constitution itself declares that the Civil Service Commission has the right to reinstate the discharged employee under such conditions as it deems proper and may order full pay for lost time, that the Commission is not authorized to do so either because it cannot enforce its order or for any other reason. Indeed, not only does the Constitution give the Commission the right to enter such an order but it specially provides the method of enforcement in Section 15 (P) (5) of Article 14, declaring that “Any valid rule, regulation, or order of a State or a City Civil Service Commission shall be enforceable in courts of this State by mandamus or injunction suits brought for this purpose by the appropriate Civil Service Commission.”
Hence, it is seen that it was a clear abuse of discretion on the part of the Civil Service Commission, when it found that plaintiff’s separation from the service was illegal, to refuse to reinstate him with full back pay.[3] This is a matter that this Court should correct on plaintiff’s appeal. Surely, it cannot be rightfully concluded, even if someone had the temerity to suggest it, that this Court is without power to issue and enforce an order for reinstatement with back pay.
I respectfully dissent.

. The exact language of the Constitution reads: “If any Commission after any hearing orders a dismissed or suspended employee reinstated, it may reinstate such employee under such conditions as it deems proper and may order full pay for lost time.”

. It was because of this pronouncement, to which I do not and did not subscribe, that I concurred in the decree in the Boucher case. Since that decision was handed down, I have, upon further reflection, entertained serious doubt that plaintiff was entitled to a writ of mandamus. Inasmuch as this Court did not in its prior decision (see Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343) order plaintiff’s reinstatement with back pay, it would not appear that the appointing authority violated a ministerial duty in not giving plaintiff back pay on his reinstatement.

. While the law vests in the Commission discretion, a refusal to grant back pay for lost time to an employee, disciplined or discharged without legal cause, should be founded on good reason, which does not appear in this case.