TATE, Judge.
This is a mandamus proceeding. The defendant Commission appeals from judgment ordering it to reinstate the plaintiff as wildlife ranger at a certain rate of pay, and further ordering it to pay him back salary from the date of his illegal discharge through the date of his reinstatement per court order. By answer to this appeal, the plaintiff-employee prays that the trial court judgment be amended so as to order the payment of his back and current salary to him at a greater monthly rate than that awarded by the trial court.
This suit is a sequel to litigation in which the Supreme Court, reversing a Civil Service Commission determination to the contrary, held that the claimant had been illegally dismissed by the defendant from his position of “Wildlife Agent I”. Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71. The Supreme Court accordingly affirmed the lower court decree “reinstating said appellant [Guy F. Hays] in his former position as Wildlife Agent I (with permanent status) and awarding said appellant accumulated wages from July 31, 1958.” 136 So.2d 559, 567. (Court of Appeal decision.)
The present suit was brought in the district court of the plaintiff’s domicile, by virtue of the provisions of Act 27 of 1960 (specifically LSA-R.S. 13:5103). This enactment permits such discretionary venue in suits against state agencies performing statewide functions. See Osborn Funeral Home v. Louisiana State Board of Embalmers, La.App. 2 Cir., 149 So.2d 225. (On appeal herein, no question is raised as to the propriety of this venue.)
Succinctly, the contention of the appellant Commission is that it cannot legally pay the plaintiff his back salary. Counsel relies upon provisions in the state constitution preventing the disbursement of state funds in the absence of specific legislative appropriation therefor (Art. IV, Sections 1, 3, 9, 10, 12) and prohibiting the payment of judgments against state agencies except out of funds appropriated for payment thereof (Art. Ill, Section 35). Although the Commission receives an annual appropriation of about three million dollars for salaries and services, it is the Commission’s contention that none of such funds may he used for the present purposes because, in justifying the Commission’s budget request for this appropriation, no request was made to include funds for the plaintiff’s back pay.

Facts.

The plaintiff was illegally discharged on July 31, 1958. At that time, he was being paid a salary of $295 per month as Wildlife Agent I, having received several merit step increases from base pay.
Pursuant to the Supreme Court’s judgment, 143 So.2d 71, the defendant Commission reinstated the plaintiff Hays as wildlife agent on July 30, 1962, at the same rate of pay as he was receiving at the time of his illegal discharge.
However, during the four years of plaintiff’s illegal removal from his employment, all other wildlife agents of his classification and rate of pay had periodically received “merit” step-increases in pay, so that their current rate of pay at the time of the plaintiff’s reinstatement was now $340 per month. In addition, on January 1, 1961, all state employees, regardless of merit ratings, *564 had received an automatic cost-of-living pay adjustment of an additional $15 per month.
The trial court held that the plaintiff was entitled to receive back pay during the four years of his illegal discharge at the rate of $295 per month. In addition, the trial court held that the discharged employee was entitled to receive the $15 per month across-the-board automatic pay increase granted to all state employees, since this was a non-discretionary and automatic pay-adjustment, to which (by stipulation) all state employees were entitled, regardless of merit ratings, and which pay-adjustment was not discretionary with the employing state agencies.
The trial court denied, however, the plaintiff’s request for a ruling holding that he was also entitled to receive the same periodic merit step-increases which had been granted to all other employees of his grade and rate of pay during the period of the plaintiff’s illegal removal from the classified state service.

Mandamus proceeding to- compel payment of back pay.

It is now well settled by our jurisprudence that, once the courts have finally determined that an employee was illegally discharged from the civil service, he may by mandamus proceedings compel the employer state agency to pay him the salary due to him during the period of his illegal removal from the service, as well as to restore him to the position he held at the time of his illegal discharge. Dickson v. Richardson, 236 La. 668, 109 So.2d 51; State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451; State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153; State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324; State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827. Cf. also, Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199.
The rationale of these decisions is explicitly set forth in State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827. There, our Supreme Court pointed out that under the Civil Service Amendment to our State Constitution — Art. XIV, Section 15 thereof — , a civil service employee has a constitutional right “to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom”, including his claim for back pay. 84 So.2d 830. The court further held that “the writ of mandamus lies to order and compel public officers to perform mandatory duties which their offices impose upon them”, 84 So.2d 830, including the mandatory and non-discretionary duty to pay the unpaid salary of a civil service employee whom the courts have held by final judgment to have been illegally dismissed from the service. See also LSA-C.C.P. Art. 3863 and our decision in State ex rel. Summit Fidelity and Surety Co. v. Police Jury of Rapides Parish, La.App. 3 Cir., 131 So.2d 623 (discussing when mandamus against public bodies is and is not appropriate) .
In the face of this unbroken line of decisions by our Supreme Court, we find that the skillfully urged contentions to the contrary of counsel for the appellant arc nevertheless without merit, including also his contention that the plaintiff can receive his back pay only through a special act of the legislature specially appropriating funds for such purpose.
Under the cited jurisprudence, the claimant is entitled by this mandamus proceeding to enforce his right to receive as one of the “attending emoluments, rights and benefits” of his position, 84 So.2d 830, the automatic and non-discretionary $15 per month pay-adjustment granted across the board to all state employees as of January 1, 1961. We therefore likewise affirm the trial court’s ruling in this respect.

Merit step-increases in pay during illegal removal.

During the four-year period of the plaintiff’s illegal removal from the service, all *565 -other Wildlife Agents I employed at a salary of $295 by the defendant Commission as of the date of the plaintiff’s illegal dismissal, received merit step increases to-talling $45 per month. (These increases were in addition to the previously discussed cost-of-living pay-adjustment of $15 received by all state employees as of January 1, 1961.)
By the original prayer of his petition and by answer to the present appeal, the plaintiff strongly urges that he also is entitled to receive the same pay increases which were received by all other employees of his grade and rate of pay during the period of his illegal removal. In essence, he urges that his failure to receive such pay increases solely on account of his illegal dismissal amounts to a discrimination against him without cause such as is prohibited against civil service employees by Art. XIV, Section 15(N) (1) of our state constitution.
These “step increases” are granted to employees on the basis of their merit ratings and satisfactory performance of their duties. They are discretionary with the appointing authority.
Under these circumstances, we agree with our trial brother that the question is not before us of whether the defendant Commission abused its discretion by failing to grant to the plaintiff employee the same merit step-increases in pay as were accorded all other employees of his status during the period of his illegal dismissal from the state civil service. If the defendant agency illegally discriminated against the plaintiff by failing to grant him these step-increases in pay, the Civil Service Commission is under our constitution vested with exclusive jurisdiction, subject to judicial review, to hear complaints of civil service employees that they have been subjected to discrimination prohibited by our Civil Service Amendment. See especially Art. XIV, Section 15(0) (1) and (2). By this holding we do not of course express any opinion as to the merits or not of the plaintiff’s forceful claim that his failure to receive these step pay-increases constituted discriminatory action against him resulting solely from the attempted illegal discharge of him from his civil service employment.

Decree.

For the foregoing reasons, we affirm the judgment of the trial court in all respects.
Affirmed.
On Application for Rehearing En Banc. Rehearing denied.