199 So.2d 392 (1967)
Allen LOUVIERE
v.
PONTCHARTRAIN LEVEE DISTRICT.
No. 7063.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
*393 J. J. McKernan, Baton Rouge, for appellant.
A. J. Kling, Jr., Gonzales, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Respondent, Pontchartrain Levee District (appointing authority) has taken this appeal from the judgment of the Civil Service Commission (Commission) setting aside the order of the appointing authority which suspended its employee, Allen Louviere (a Civil Service employee enjoying permanent status) without pay. The Commission found as a fact that the appointing authority did not comply with the Commission's rules prescribing the notice to be given by an appointing authority to an employee suspended without pay and, on this ground, ordered plaintiff, Louviere, be paid all wages due during the period of suspension. We find that the Commission has properly resolved the issues presented.
By letter dated September 21, 1965, plaintiff Louviere was notified by the appointing authority of his suspension, without pay, for a period of fifteen days, effective September *394 15, 1965. The reasons given for the suspension appear adequate to support the disciplinary action sought to be taken. Detailed recitation thereof is unnecessary to a decision in this matter. On or about October 1, 1965, by letter dated September 30, 1965, appellant notified its said employee of the extension of his suspension until October 21, 1965. From said notifications Louviere took timely appeal to the Commission with the result above noted.
In essence the employee maintains his suspension without pay was ineffective because of the failure of the appointing authority to give timely notice thereof as required by Rule 12.2(a) adopted by the Commission, which provides as follows:
"Any employee who is suspended without pay shall be so notified by his Appointing Authority on or before the effective date of the suspension. Each permanent or probationary employee so suspended shall be furnished detailed reasons therefor in writing within 15 calendar days following the effective date of the suspension."
Although the record contains conflicting evidence regarding the actual date of notification, the Commission, based on the testimony of Louviere (corroborated by other evidence), found as a fact that Louviere was not informed of his suspension until September 16, 1965, on which date at approximately 10:00 A.M. he was advised by a superior, Faucheux, of his suspension effective the previous day.
It is now settled jurisprudence that the factual findings of the Commission supported by evidence of record are binding upon the courts in appeals from the decisions of the Commission. Louisiana Constitutional Article 14, § 15(O) (1). Drake v. Department of Health, La.App., 188 So. 2d 92, application denied, 249 La. 730, 190 So.2d 239. Consequently, the Commission's finding that the employee was not notified of his suspension until September 16, 1965 must be accepted by this court as decisive of this factual issue.
Appellant maintains that notwithstanding its failure to give timely notification of suspension as provided in Rule 12.2(a), supra, nevertheless, the ordered suspension should not be vitiated in its entirety. In this regard it is contended that that portion of the suspension period commencing from the date of notification, namely, September 16, 1965, should be permitted to remain in force and effect.
The Rules of the Commission, having the effect of law as dictated by the state constitution, must be strictly followed. Day v. Department of Institutions, 228 La. 105, 81 So.2d 826.
We find no merit in the Commission's contention that the suspension herein challenged should be rendered effective as to that portion thereof post-dating the notice of suspension.
In effect the jurisprudence has established that disciplinary action against a permanent employee by an employer, if not taken in conformity with the Commission's rules, is totally ineffective. Thus in Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343, the Supreme Court held that an attempted dismissal was totally ineffective for failure to timely give notice to the Director notwithstanding proper notice was afforded the employee. To the same effect, see Bennett v. Louisiana Wild Life and Fisheries Comm., 234 La. 678, 101 So.2d 199, and Washington v. Confederate Memorial Medical Center, La.App., 147 So. 2d 923.
While the case at bar involves a suspension as distinguished from a dismissal, the rule governing the efficacy of disciplinary action decreed by an employer does not depend upon the severity of the punishment imposed. In the event of any disciplinary action whatsoever, the rules of the Commission regulating same must be strictly obeyed else the intended chastisement is rendered ineffective.
*395 We note the following language appearing in Bennett v. Louisiana Wild Life and Fisheries Comm., 234 La. 678, 101 So.2d 199, which we consider particularly applicable to the case at hand:
"As aptly observed in the first Boucher opinion ([State ex rel. Boucher v. Heard] 228 La. [1078] at page 1085, 84 So.2d [827] at page 830)and which may be said to represent the uniform jurisprudence of this Court in the instance of one who has acquired permanent Civil Service status'Until there has been a lawful removal for cause, a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom.' In reviewing the decisions of the Civil Service Commissions on appeal here, when the facts show, as in this case, that the employee was illegally dismissed and his services never lawfully terminated, we have said that such employee retained his permanent status as a Civil Service servant and is entitled to receive payment of his salary during the period of time, and until he has been lawfully removed or suspended for cause. State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; State ex rel. Anderson v. Walker, 230 La. 816, 89 So.2d 324; Day v. Department of Institutions, 231 La. 775, 93 So.2d 1; State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451."
We construe the foregoing language to mean that a disciplinary action undertaken by an employer must stand or fall as a whole. If it does not conform with the applicable rules of the Commission, it is null and void and has no effect whatsoever upon the permanent status of the employee. Nor may it deprive the employee of any emolument attendant to his particular classified position. Disciplinary action once pronounced is either totally effective or entirely ineffective. It may not subsequently be reduced in its application or only partially imposed to cure a failure to comply with a regulation established by the Commission's rules.
We have no hesitancy in concluding, however, that an employer who has failed to comply with a Commission rule regarding disciplinary action may nevertheless use the same alleged misconduct of the employee as the basis for further disciplinary measures undertaken in strict compliance with the Commission's rules.
Accordingly, the judgment of the Commission is affirmed. Appellant, Pontchartrain Levee District to pay all costs for which it may be amenable under existing law.
Affirmed.