ELLIS, Judge.
This is a petition for a writ of mandamus, brought by the Louisiana State Civil Service Commission and Warren A. Cor-mier against Louis M. Sowers, Director of the Department of Corrections and the Louisiana Department of Corrections.
The record shows that Mr. Cormier was discharged as Superintendent of the Louisiana Correctional and Industrial School on January 20, 1967. Following protracted litigation, he was ordered reinstated as such by the Louisiana State Civil Service Commission on December 20, 1968. The Commission’s decree reads as follows:
“Therefore, his appeal is sustained and he is ordered reinstated and restored to his former position as Superintendent of the Louisiana Correctional and Industrial School, with full pay and with all the other emoluments that would have been his had he actually occupied that position from the time of his original discharge on January 20, 1967.”
This suit was instituted on May 20, 1969, to compel the respondents to comply with the foregoing order. After the order was affirmed by this court, Mr. Cormier was, on December 28, 1969, reinstated in his job. See Cormier v. Board of Institutions, State Department of Institutions, 230 So.2d 307 (La.App. 1 Cir. 1969). Thereafter, judgment was rendered ordering respondents to pay Mr. Cormier’s back salary and the amount of his hospital expenses which would have been paid during the time of his suspension. Relators have appealed, claiming the court should have ordered payment to Mr. Cormier of the value of certain food, lodging and laundry services which he would have received had he not been wrongfully discharged.
It is not disputed that the Superintendent of L.C.I.S. is required to live on the grounds of the institution, and is furnished a home, food, milk and vegetables from the institution farms, and laundry service for himself and his family.
Uncontradicted evidence in the record places the value of the food received from the L.C.I.S. warehouse at about $300.00 per month. After April 9, 1969, a limit of $200.00 per month was imposed by the Department of Corrections. Cormier also testified he received fresh milk and vegetables direct from the farms valued at $2.00 per day. He claims $46.00 per month in utilities, and $20.00 per month in laundry and dry cleaning services.
Expert testimony places the rental value of the house furnished at somewhere between $200.00 and $325.00 per month. Mr. Cormier is asking for $250.00 per month for this item.
The total amount claimed is $22,991.80, and there is no evidence in the record to contradict or limit the amount claimed.
The district judge found that because Cormier had to live on the grounds of the institution before he was entitled to receive the above benefits, he was not entitled to receive them when not on the grounds.
*526 In the case of State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827 (1956), the Supreme Court said:
“In the case at bar, relators were never lawfully dismissed from their Civil Service offices and their services never lawfully terminated. Until there has been a lawful removal for cause, a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom.”
In that case, the Supreme Court also found Article XIV, Section 15(0) (3), which is relied on by respondents to limit the authority of the Commission to restoration of back wages, to be inapplicable to cases such as this one, involving an illegal dismissal. We think that the law clearly intends that an illegally dismissed employee, when reinstated, should receive whatsoever he would have received if he had never been dismissed.
As defined in Webster’s Third New International Dictionary, emolument means “profit or perquisites from office, employment or labor.” Perquisite means “a privilege, gain or profit incidental to an employment in addition to regular salary or wages.”
It is clear from the foregoing that the food, housing and other services received by Mr. Cormier are emoluments of his office within the meaning of the law, and that he is entitled to receive them, or their value, to the same extent as though he had never been discharged as Superintendent of L.C.I.S.
Accordingly, the judgment appealed from is amended so as to include an award to Warren A. Cormier of $22,991.80 for the value of food, housing and other services of which he was deprived by virtue of his illegal dismissal, and, as amended, it is affirmed. Costs will be paid by the respondents to the extent permitted by law.
Amended and affirmed.