SARTAIN, Judge.
This is an appeal by appellant Anthony W. Sylvester seeking review of a ruling by the State Civil Service Commission dismissing appellant’s appeal from his termination of employment with the Louisiana State Police by that agency. The Commission dismissed appellant’s appeal for failure to file a written notice of appeal within thirty days of receiving written notice of his removal. We affirm the Commission’s ruling.
The record shows that a letter addressed to appellant dated July 24, 1973 informed him that he would be terminated from his employing agency effective July 29, 1973. The reasons for this action were set forth therein. Appellant appealed this dismissal to the State Civil Service Commission on August 31, 1973.
Subsequent to the appeal, a motion to dismiss was filed by the employing agency. On June 5, 1974, a hearing was held with the issue limited to the merits of the motion, after which, the motion was sustained and the appeal dismissed. The Commission took this action pursuant to Rule 13.12 of the Civil Service Rules which states:
13.12 Delay for Making Appeal.
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
The timeliness vel non of appellant’s appeal when there has been written notice of dismissal will depend, according to the rule enunciated supra, upon the date of receipt of that notice. Appellant contends the date of receipt was August 3, 1973, but the Commission found it to be July 24, 1973.
We are bound by the factual findings of the Commission, La.Const. art. 14, § 15(G)(1).[1] A determination of a date of notification is a factual finding, not subject to review, and this court so held in Louviere v. Pontchartrain Levee District, 199 So.2d 392 (1 La.App., 1967), wherein it is stated at page 394:
“It is now settled jurisprudence that the factual findings of the Commission *818 supported by evidence of record are binding upon the courts in appeals from the decisions of the Commission. Louisiana Constitutional Article 14, § 15(O) (1). Drake v. Department of Health, La.App., 188 So.2d 92, application denied, 249 La. 730, 190 So.2d 239. Consequently, the Commission’s finding that the employee was not notified of his suspension until September 16, 1965 must be accepted by this court as decisive of this factual issue.”
There is evidence in the record, and the Commission so noted, that July 24, 1973 was the actual date of receipt and notification. In the appellant’s own application for appeal to the Commission he states: “In the meantime a letter was received by Mr. Sylvester on or about July 24, stating that his services would be terminated on July 29, 1973 signed by one Colonel Donald Thibodeaux.”
Accordingly, the appeal was untimely filed with the Commission pursuant to Rule 13.12(a) 1. Therefore, the Commission’s ruling dismissing appellant’s appeal is affirmed, appellant to bear all costs.
Affirmed.

. We note that under the provisions of the Constitution of 1974, which was not in effect at the time this case was decided, appellate review is granted on both law and fact. La. Const. Art. 10, § 12.