NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-880

KENDALL DIXON

VERSUS

CITY OF ALEXANDRIA

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253526
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy and Billy H. Ezell, Judges.

**MOTION FOR STAY OF APPEAL DENIED.**

Eugene Paul Cicardo, Jr.
Attorney at Law
Post Office Box 1128
Alexandria, LA 71309-1093
(318) 445-2097
COUNSEL FOR PLAINTIFF/APPELLEE:
    Kendall Dixon

**Steven M. Oxenhandler**
**Joshua J. Dara, Jr.**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA 71301**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **City of Alexandria**

**COOKS, Judge.**

The defendant-appellant, City of Alexandria (City), moves for a stay of the instant appeal pending final resolution of an employment termination suit, *City of Alexandria v. Kendall Dixon*, Civil Suit No. 251,514, filed by the plaintiff-appellee, Kendall Dixon (Dixon), in the Ninth Judicial District Court, Rapides Parish, State of Louisiana. The City asserts that resolution of the employment termination suit will materially affect the issues presently on appeal in this case. For the reasons given below, we deny the motion.

The instant appeal involves a final wage claim related to Dixon's employment termination suit which was filed during the pendency of his employment termination suit. In brief, Dixon was a firefighter for the Alexandria, Louisiana, Fire Department when on August 22, 2014, after reporting for his regular shift, he was selected for random drug and alcohol screening. When Dixon's breath alcohol test registered positive with a result of .024 and .018 about fifteen minutes later, he was immediately placed on administrative leave with pay in keeping with the City's zero tolerance policy. Following a pre-disciplinary hearing, Dixon was terminated from employment.

Dixon appealed his termination before the Alexandria Municipal Fire and Police Civil Service Board (Board) which has resulted in a string of divergent decisions from the trial court, this court, and the Louisiana Supreme Court regarding the admission of Dixon's breath alcohol test results. The most recent decision in that matter is the district court's December 16, 2016 ruling which gave rise to the affirmation of Dixon's termination.

In the City's motion for a stay of this appeal, it asserts that if Dixon appeals the district court's December 16, 2016 ruling, and the ruling is affirmed, or if

Dixon chooses not to appeal, his employment will be deemed terminated as of September 18, 2014, leaving no legal basis for Dixon's final wage claim at issue herein. Conversely, if the ruling is reversed, the City maintains that Dixon's initial and subsequent discharges were never final, negating the need for a final wage claim. Dixon will be deemed to have retained his employment status and be entitled to receive payment of his salary during the period of time he was illegally dismissed. *See Bennett v. Louisiana Wild Life and Fisheries Commission*, 101 So.2d 199 (La.1958). Further, the City urges, Dixon may claim any unpaid wages through a mandamus action. *See Hermann v. New Orleans Police Dept.*, 113 So.2d 612 (La.1959).

In the instant appeal, the City seeks review of the district court's September 9, 2016 ruling, which: 1) denied the City's exceptions of prematurity, no cause of action, and no right of action; 2) granted judgment in favor of Dixon and against the City in the sum of $32,000.00 as penalties and $32,000.00 as attorney's fees; and 3) assessed all costs to the City with the express dollar amount of $34,249.60. The City indicates in its appellate brief that it seeks review of the district court's denial of its exceptions, and alternatively, the award of penalty wages, attorney's fees, and costs.

To date, there is no indication that Dixon intends to appeal the district court's December 16, 2016 ruling involving his termination. This court has not received a notice of appeal from the district court. Additionally, as of the rendition of this opinion, the time within which Dixon may seek an appeal of that ruling has not lapsed. Accordingly, we find that the City's motion for a stay in the instant appeal is premature. Additionally, the City's arguments regarding the viability of

2

the instant appeal addresses themselves to the merits of the City's appeal. For these reasons, we find no basis for a stay in this matter at this time.

**MOTION FOR STAY OF APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.