McCALEB, Justice.
 

 On June 8, 1954 appellant, a classified employee under the State Civil Service System, sustained a serious injury while working in the employ in the Louisiana Department of Highways. As a result, he was completely disabled from the date of the accident until the early part of February, 1956, when he was discharged by his doctors as being able to resume the customary duties of his job as a bridgeman. During the period of his disability appellant was paid compensation by the insurer of his employer and, before attempting to return to work, entered into a compromise agreement settling his rights under the compensation law of this State for $3,500 plus payment of all his medical expenses, which exceeded $2,600. In addition, appellant secured a $20,000 judgment in a tort action against the third person responsible for his injuries, out of which he was required to reimburse the insurer of his employer for the workmen’s compensation paid to him. See Dickson v. Peters, La.App., 87 So.2d 187.
 

 Having been advised by his doctors in the early part of 1956 that he was able to resume his regular duties with the Department of Highways, appellant presented himself to the Department on or about February 12, 1956, was examined by its doctors and found capable o.f performing his duties. But the Highway Department did not permit him to resume work and gave him no. explanation until sometime later as to why he was not allowed to return to work.
 

 In April, 1956 appellant wrote a letter to. the Department of Civil Service stating in substance that he was able to return to-work, had applied to do so, had received no reply and wished to appeal to the Civil Service Commission. He also asked that it be determined why he was not being returned to his job. On May 23, 1956, he wrote a second letter to the Civil Service Department complaining that he still had heard nothing concerning his work.
 

 On May 29, 1956, appellant received two. letters from the Department of Highways. One was dated May 11, 1956 and advised him that his services as a bridgeman would be terminated effective May 21, 1956, for the stated reason that he had claimed in 1954 that he was unable to perform his duties as a result of the injury to 'his arm. The second letter, dated May 23, 1956, designated as a clarification of the May 11th letter, stated that appellant was discharged effective May 30th because (1) he had not worked since June 8, 1954 and (2), alternatively, that he had accepted a compensation settlement based on a 25% disability of
 
 *1087
 
 his right arm, which disability rendered him useless to the Department. On the day appellant received these letters, he enclosed them in a letter to the Civil Service Department in which he stated that his physician had found that his 25% disability would endure only until February 12, 1956 and that, in fact, he had recovered and had been successfully performing strenuous manual labor since that date.
 

 On June 15, 1956, a hearing was conducted before a referee appointed by the Civil Service Commission; appellant was present and testified but was not represented by counsel. Following the taking of evidence, the Commission found the facts substantially as above detailed and observed that appellant failed to obtain official leave during the period of his disability, being of the belief that he could return to work when discharged by his doctor. Concluding that appellant’s discharge was justified, the Commission held that he violated its rules, particularly those contained in Chapter 11, pertaining to sick leave and annual leave of absence of employees, in failing to request the Department of Highways to grant him annual or sick leave during the period of his disability. After the dismissal of his appeal by the Commission, appellant secured counsel who brought his complaint to this Court for review.
 

 At the outset, it is pertinent to say that this is the first case arising under the Civil Service Law (Section 14 of Article 15 of the Constitution) involving the dismissal of an employee because of his temporary disability to perform his duties as a result of a compensable accident sustained by him in the course of his employment.
 

 We entertain no doubt that inability of an employee to perform his duties, resulting from sickness or accidental injury, provides legal cause for separation from the classified service within the meaning of the Civil Service Law. The Civil Service Commission has dealt comprehensively with the subject of illness of employees in Chapter 11 of its rules (which have the effect of law) and specific provision has been made therein for sick leave and annual leave and the conditions under which such leaves may be obtained or may be credited to employees. However, a careful perusal of the Chapter does not reflect that the Commission, in enacting its rules, envisioned, save in a most limited sense,
 
 [1]
 
 the employer and employee relationship in workmen’s compensation cases as no special provision was enacted to cover a case like this, where the employee suffers a temporary dis
 
 *1089
 
 ability as the result of an accident in the course of his employment for which the employing authority is liable for the payment of workmen’s compensation.
 

 We deduce that the rules are inapplicable and, accordingly, cannot subscribe to the view of the Commission that it was incumbent on appellant to notify the Department of Highways of his disability and apply for sick and/or annual leave. Indeed, it would be vain and useless to require an employee to apply for leave of any sort when he is being paid compensation in lieu of his wages. This is particularly so in the instant case for, under the rules of the Commission in force at the time (Rule 11.27), the permissible leave without pay was limited to one year which, in addition to appellant’s sick and annual leave with pay, would not have sufficed to cover the period of his disability.
 

 We conclude that the Civil Service Commission erred in finding that appellant was discharged for cause. Actually, the basis of the holding of the Commission that appellant violated its rules, in failing to apply for sick leave and/or annual leave, is not even asserted by the Department of Highways as a ground for its action. To repeat, the cause given by the Department was first stated to be that appellant had made claim for compensation due to physical incapacity, which it later purported to clarify and change by alleging that he was discharged because he had not worked since June 8, 1954, and, alternatively, that he had accepted a compensation settlement based on a 25% disability of his right arm, which disability rendered him useless to the Department. The alternative reason was proven groundless as the Commission found the facts to be that appellant was and is fully capable of resuming his employment.
 

 The first clarified reason, that appellant had not worked since his accident on June 8, 1954, does not of itself provide good cause in the absence of a showing that his replacement as a classified employee was essential in the interest of the efficiency of the public service. Indubitably, an employee suffering temporary incapacitating injury or illness may be removed from classified service under proper conditions. But it must be done in good faith during the period of disability and notice of such removal must be given in conformity with law. The employing authority may not delay the decision to terminate the service until the employee has recovered, as in this case, and has reported ready, able and willing to perform his usual duties.
 

 
 *1091
 
 Finding that appellant was illegally discharged it follows that, under -the majority view in our recent decision in Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199,
 
 [2]
 
 he has retained his permanent status as a civil service employee and, as such, would ordinarily be entitled to receive payment of his regular salary until legally suspended or dismissed for cause. Of course, appellant admits that he is without right to salary during the period of his disability and requests only that he be awarded wages from February 12, 1956, when he was found physically able to return to work, until such time as he is reinstated on the payroll.
 

 Under the ruling in the Bennett case, supra, appellant is entitled to his salary as a matter of course and it is unnecessary for this Court to order the payment.
 
 [3]
 
 In case appellant is not paid he may resort to a mandamus proceeding, as was done in State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827.
 

 For the foregoing reasons, the judgment of the Civil Service Commission is reversed and it is decreed that appellant’s status as a classified employee in civil service has not been affected by the action of the Department of Highways.
 

 [1]
 

 . Rule 11.21 does make reference to the conditions under which an employee receiving workmen’s compensation shall have an option of obtaining full pay by using whatever sick and annual leaye pay to which he is entitled. And Rule 11.21.1 provides special rights for law enforcement officers injured in the line of dutv.
 

 [2]
 

 . Citing State ex rel. Boucher v. Heard, 228 La. 1078, 84 So.2d 827; State ex rel. Anderson v. Walker, 230 La. 816, 89 So. 2d 324; Day v. Department of Institutions, 231 La. 775, 93 So.2d 1 and State ex rel. Boucher v. Heard, 232 La. 499, 94 So.2d 451.
 

 [3]
 

 . The author of this opinion did not subscribe to the ruling in the Bennett case and he adheres to the views expressed in his dissenting opinion in that matter.