135 So.2d 588 (1961)
Robert L. BURTON
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana.
No. 5246.
Court of Appeal of Louisiana, First Circuit.
November 20, 1961.
Rehearing Denied December 27, 1961.
Certiorari Denied February 6, 1962.
*589 Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for appellant.
D. Ross Banister, Philip K. Jones, Baton Rouge, for appellee.
Before ELLIS and HERGET, JJ., and MILLER, J. pro tem.
HERGET, Judge.
Robert L. Burton, a classified employee with permanent status, was removed from his position with the Department of Highways on July 11, 1958. Mr. Burton appealed his dismissal to the Civil Service Commission which, on October 31, 1958, concluded his appeal was without merit. From the ruling of the Commission he took an appeal to the Supreme Court of Louisiana in accordance with Article 14, Section 15(O)(1) of the LSA Louisiana Constitution vesting jurisdiction of appeals from the Civil Service Commission exclusively in the Supreme Court of Louisiana. The Supreme Court, acting under the provisions of Article 7, Section 10 of the Constitution as amended by Acts 1958, No. 561, adopted as a Constitutional Amendment on November 4, 1958 and Article 7, Section 30, as amended by Acts 1958, No. 561, adopted November 4, 1958; Acts 1960, No. 593, adopted November 8, 1960 as Amendments to the Constitution, transferred the appeal to this Court for decision.
In his brief in citing the jurisdictional issue involved in the determination of this decision, counsel for appellant asserts that Article 14, Section 15, paragraph (O)(1) of the Constitution had not been amended or repealed as of July 1, 1960 and therefore the Supreme Court as of that date had jurisdiction of this appeal in view of Article 7, Section 30, as amended, stating in no uncertain terms that cases transferred shall be decided by the appellate court vested with jurisdiction in such cases as of July 1, 1960. He refers to the recent case of Hughes v. Department of Police, La.App., 131 So.2d 99 wherein the Court of Appeal, Fourth Circuit, had for decision the same jurisdictional question presented herein and questions the soundness of that decision holding Article 14, Section 15, paragraph (O) (1) impliedly repealed by Article 7, Section 10, and its reference back to the alleged impliedly repealed article of the Constitution for the assertion that appeals to the Court of Appeal are limited to questions of law alone. In view of Rule 16 of the Uniform Rules of the Courts of Appeal, Section 1, 8 LSA-R.S., limiting this Court in its review of the decisions of the Civil Service Commission to questions of law and in view of the order of the Supreme Court itself transferring this case to this Court for review, we prefer to permit counsel for appellant to have the opportunity of presenting this problem to the Supreme Court as to its reasons for transferring the case to this Court without prejudicing his position before that Court with any pronouncement on our part and shall accept jurisdiction of the appeal limiting ourselves to a review of the decision on questions of law alone.
On July 8, 1958 the following letter was addressed to appellant by Mr. Charles Wilson Burns, Personnel and Services Officer:
"Dear Mr. Burton:
"This is to advise that your services as Electrician with the Department will be terminated effective at 5:00 P.M., Friday, July 11, 1958.
"You have not worked since June 11, 1958, and it is essential to the efficient operation of the Department that we employ someone else to perform your duties.
"I regret the necessity for this action, but assure you that your application for reinstatement will be given every consideration should your physical condition improve and a vacancy exist for which you are qualified.
 "Very truly yours,
 "s/ Charles Wilson Burns
 "Personnel & Services Officer"
*590 Upon receipt of this notice of removal appellant, asserting that his dismissal was without cause, appealed to the Civil Service Commission which Commission appointed a Referee to hear the evidence in regard to the charge. Based upon this evidence so produced the Commission made its Findings of Facts:
"Appellant was employed as an electrician by the Department of Highways on August 1, 1957. His previous employment had been with a private corporation which placed him on a medical pension because of injuries received in the course of his employment.
"On June 3, 1958, he met with an occupational accident which resulted in his having a left inguinal hernia, for the correction of which he submitted to surgery on June 16, 1958, at the insistence of an adjuster for the compensation insurer of the Highway Department.
"On July 7, 1958, after appellant had been absent from his duties for nearly a month, and after exhaustion of his time for leave, the Personnel Officer for the Highway Department sought to ascertain at what proximate date he would be fit to resume his duties. Appellant's doctor estimated that he should be able to return to work about August 4, but appellant stated that he didn't know when he would return as he was having trouble with his back on account of a spinal shot. Appellant admitted at the hearing that he had never been officially released by his doctor.
"On July 8, 1958, the notice was issued terminating appellant's employment because of his absence since June 11, 1958.
"The record contains no proof that appellant was discharged because he accepted workmen's compensation benefits, nor does it disclose any basis for the suggestion that the dismissal was inspired by any motives reprobated by law."
The Commission, with one member dissenting, then concluded that the appointing authority was under no obligation to keep open the position of an injured classified employee beyond the time of his accumulated sick leave and, assertedly relying upon the decision of the Supreme Court in the case of Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464, maintained the validity of appellant's dismissal and dismissed his appeal.
The evidence adduced on the trial of the issue reveals that on June 3, 1958 the appellant sustained a left inguinal hernia when he met with an occupational accident and at the request of the compensation insurer of the employer consented to and was operated upon on June 16, 1958 for the correction of his disability. Counsel for appellant earnestly pleads estoppel against the employer, basing same on the contention that by agreement to undergo the operation at the insistence of the agent of the employer, the employer is estopped to discharge the appellant for his compliance with the request. There is no evidence in the record to the effect that any agreement or promise was made by the employer that if he would undergo the operation his job would be held open for him during his disability and we are not impressed with this plea for certainly had not appellant undergone the surgical operation disability would most assuredly have resulted from his failure to correct the cause. While there was no promise made to appellant that his job would be kept open for him, immediate arrangements were made for the temporary replacement of Mr. Burton and a Mr. Williams was employed on a temporary appointment not to exceed three months. This action was taken in response to a request from Mr. Jones, appellant's immediate supervisor, to Mr. Burns to permit the continued efficient operation of Mr. Jones' department during the absence of *591 appellant. The appellant, on July 7, 1958, while in the office of the Department of Highways for the purpose of getting his pay check, was met by Mr. Burns and in a casual conversation Mr. Burns, at that time, asked Mr. Burton when he would be able to return to his position. There is no testimony whatever in the record to the effect that Mr. Burns suggested to appellant that his absence was disturbing the efficiency of the department, nor was there any suggestion that his duties were not properly being carried out by his replacement, Mr. Williams. In response to the query as to the date of Mr. Burton's probable return to his duties, Mr. Burns testified: "* * * I asked Mr. Burton when he would be able to report to work and he told me he did not know, that he was having trouble with his back. * * *" Mr. Burton testified that in response to Mr. Burns' query he responded: "I told him I was feeling pretty good, that my back was giving me a little troubleI had had a spinal shotand he asked me when I thought I was coming back to work and I told him that I didn't know that I had to come back to the doctor Monday and I didn't know when he was going to release me."
Upon the termination of this conversation with Mr. Burton, Mr. Burns immediately returned to his office and, according to his testimony, pulled out the file of Mr. Burton and thereupon discovered that he had sustained an injury while working at Esso Standard Oil previous to his employment with the Highway Department and upon questioning Mr. Jones, Mr. Burton's supervisor, he ascertained that as a result of the injury suffered at the Standard Oil Mr. Burton's hands swelled to some extent and it was necessary at times for him to have them treated. He then testified in reference to writing the letter of termination: "* * * I made my decision based upon his previous accident, the swelling of his hands on the job, the subsequent hernia accident, and that he was having trouble with his back and that he did not know when he would return to work" and, on July 8, directed the letter to Mr. Burton which has been quoted in full hereinabove.
The evidence in reference to the date on which Dr. Cacioppo opined that Mr. Burton would be able to return to work was placed in the record by stipulation of counsel at page 51 of the transcript, as follows:
"Mr. Kleinpeter:
"In this connection I would like to read in the statement of Dr. D. V. Cacioppo, General Surgeon, Office 707 North 7th Street, Baton Rouge, Louisiana, and it's addressed to Robert L. Burton, date July 14, 1958. Rather it's with reference to Robert L. Burton and addressed to Robert L. Kleinpeter. It reads, `The above had left inguinal hernial plaster on June 16, 1958. He should be able to return to work about August 4, 1958.'
 "s/ D. V. Cacioppo"
The conclusion by the majority of the Commission to the effect that "On July 7, 1958, after appellant had been absent from his duties for nearly a month, and after exhaustion of his time for leave, the Personnel Officer for the Highway Department sought to ascertain at what proximate date he would be fit to resume his duties. Appellant's doctor estimated that he should be able to return to work about August 4, but appellant stated that he didn't know when he would return as he was having trouble with his back on account of a spinal shot. Appellant admitted at the hearing that he had never been officially released by his doctor.", is incorrect inasmuch as the evidence shows only that appellant had responded to a casual question as to the date of his return; the employer at that time had not obtained from the doctor the possible date of return of appellant and such information was not in the possession of Mr. Burns nor was there any effort made to determine from the doctor the *592 date of the return of the appellant to his duties prior to the date of July 8, on which date the letter of dismissal was addressed to appellant. Thus, in the evidence there is no showing that the date of the return of appellant to his duties was of any significance to the efficiency of the department or that Mr. Williams' work was in any respect unsatisfactory on a temporary basis and the date of August 4 as the probable date within the knowledge of the doctor of the ability of the appellant to return to his duties was not obtained by Mr. Burns prior to writing the letter of July 8 but only became evident when the letter from the doctor was introduced on the trial before the Referee, by consent of counsel.
We are of the opinion that the case of Dickson v. Department of Highways, State of Louisiana, supra, is decisive of the issues involved in this case but believe that the Commission misinterpreted the holding. In the opinion Justice McCaleb, at pages 466, 467 (102 So.2d), expressed the conclusion of the Court in these words:
"The first clarified reason, that appellant had not worked since his accident on June 8, 1954, does not of itself provide good cause in the absence of a showing that his replacement as a classified employee was essential in the interest of the efficiency of the public service. Indubitably, an employee suffering temporary incapacitating injury or illness may be removed from classified service under proper conditions. But it must be done in good faith during the period of disability and notice of such removal must be given in conformity with law. The employing authority may not delay the decision to terminate the service until the employee has recovered, as in this case, and has reported ready, able and willing to perform his usual duties." (Italics by the Court.)
The Commission concluded that this decision simply required that the employing authority terminate the temporarily absent employee during his disability. Though, of course, this was one of the conditions which the Court held necessary to effectuate a valid dismissal as is evident from the clear language of the Court that the dismissal could only be made during disability of the employee, such dismissal could only be predicated on a showing that the replacement of the classified employee was essential in the interest of the efficiency of the public service and therefore the Supreme Court did not take judicial notice of the fact that two years absence of an employee from his work would conclusively signify that the efficiency of the department had been affected by such absence as has been done by the Commission in the generality observed by it in its findings hereinabove quoted.
In our opinion the Dickson case is authority for the proposition that the inability of an employee to perform his duties resulting from sickness or accidental injury provides legal cause for separation from the classified service during such disability provided there is a showing that his replacement is essential to the efficient operation of the department.
The evidence reveals that following the injuries which Mr. Burton sustained while an employee of the Esso Standard Oil he was placed on a medical pension by that company. However, prior to his employment by the Department of Highways he was examined by a doctor employed by the Department of Highways who certified that he, Mr. Burton, was physically able to perform the duties of an electrician with the Department. The evidence is further significant in this respect in that Mr. Jones made no complaint whatever as to the performance of the work by Mr. Burton, so that it was presumptive for Mr. Burns to give consideration to this factor in discharging appellant and, in addition, such evidence was irrelevant as same was not made one of the causes for dismissal in the letter addressed to appellant.
*593 We are of the opinion that the inability of the employee to perform his duties resulting from sickness or accidental injury provides a valid cause for separation from classified service during such disability provided there is a showing "* * * that his replacement as a classified employee was essential in the interest of the efficiency of the public service." Accordingly, we are of the opinion that the letter of July 8, 1958 directed to Mr. Burton by Mr. Burns sets forth a just cause for dismissal of Mr. Burton.
As heretofore stated, we are limited in our review of appeals in Civil Service to questions of law alone and where there is factual evidence we may not substitute our conclusion as to the facts for that of the Commission. However, where there is no evidence supporting such findings of fact as made by the Commission the issue presented is one of law. A careful reading of the record will reveal not one scintilla of factual evidence that it was essential to the efficient operation of the Department to employ someone else on a permanent status to perform the duties that had been performed by appellant. To the contrary, the evidence on this question is positive to the effect that Mr. Williams who had replaced Mr. Burton on a temporary basis was performing the duties of the position efficiently. Mr. Jones, Mr. Burton's supervisor, had made no complaint whatever as to the work being done by Mr. Williams or as to the efficiency of his department, nor was there any evidence that Mr. Williams was himself dissatisfied with employment on a temporary basis or any suggestion from him that he was intending to depart from the employment unless given permanent status. The only evidence tending to substantiate the assertion that "* * * it is essential to the efficient operation of the Department that we employ someone else to perform your duties * * *" was simply the conclusion of Mr. Burns, that is, the statement of Mr. Burns to the effect. Such statement is not evidence of a factual situation but is simply a conclusion. To establish validity of the cause for the dismissal some factual evidence of the cause is necessary. In other words, to substantiate the charge it was essential that factual evidence be produced on which a determination could be made. Certainly the statement in the opinion of the Commission to the effect "* * * Unless appellant's position was a sinecure, the efficiency of the service would necessarily be affected until he returned, or until another permanent employee was employed to do his work * * *" is a mere generality and does not purport to be a specific finding of fact as to Mr. Burton. There was positively no evidence to show that the temporary employee replacing Mr. Burton was not performing the services efficiently as he, Mr. Burton, had been doing. Though Mr. Burton had no legal right or equitable right to expect that he could absent himself indefinitely because a temporary employee was doing his work, where, as in his case, he was recovering from surgery which the employer knew would take a period of time within three months to recover from and the employer obtained the services of another person on a temporary basis for a period not to exceed three months and where the indefiniteness of the date of the return of the employee was predicated on a response to a query in a casual conversation with no showing of the significance of the response or without any reference to the effect of the temporary absence on the efficiency of the department and not based on a medical report from which, if the employer had pursued, he would have been told by the doctor that the employee would be able to return to work during the first week of August 1958 a time far short of the three months that the department apparently anticipated when it hired appellant's temporary substitute, and where there was no factual evidence offered that the efficiency of the department was in any way affected by the temporary absence of the applicant, we are of the opinion that the dismissal of appellant was without valid reason.
*594 For these reasons assigned, the decision of the Civil Service Commission is reversed and it is ordered that appellant be restored to his status as a classified employee of the Department of Highways from the date of his dismissal.