MILLER, Judge pro tem.
On March 11, 1960, W. W. Bennett, a classified employee with permanent civil service status was removed from his position with the Department of Highways. Bennett appealed his dismissal to the Civil Service Commission which, on May 26, 1960, ordered his reinstatement with full' pay from March 15, 1960, the day on which his doctor discharged him as being able to return to work. From the Commission’s ruling, the Department of Highways appealed to the Supreme Court of Louisiana *670 and the Supreme Court transferred the appeal to this court for decision.
The essential facts are not in dispute. On December 28, 1959, Bennett became ill and unable to work. At that time, he had accumulated three weeks of annual and sick leave, which leave was exhausted on January 21, 1960. His illness persisted and from January 21, 1960 to March 11, 1960, he was carried on leave of absence without pay. The following letter, dated March 9, 1960, was personally delivered to Bennett on March 10, 1960:
“March 9, 1960
“Mr. W. W. Bennett
■“Walker, Louisiana
“Dear Mr. Bennett:
“This is to advise that your services with the Department will be terminated, effective March 11, 1960.
“You have not reported to work since December 29, 1959 and it is essential to the efficient operation of the Department that we employ someone else to perform your duties.
“We .regret the necessity of this action, and will give your application for reinstatement due consideration should your physical condition improve and a vacancy exist for which you are qualified.
“Yours very truly,
“(s) R. T. Brooks
R. T. Brooks
“RTB-hb DISTRICT ENGINEER”
Bennett’s physician pronounced him ready to return to work on or about March 15, 1960. The Department of Highways refused to allow him to return to work and stood by their letter of dismissal effective March 11, 1960. No one has since been employed in Bennett’s position, and the duties of his position have been distributed among other employees already employed by the Department. His job was that of a ■Leaderman, and his duties included everything from driving a truck to hauling away dead dogs and cleaning ditches along the highways. He was what is sometimes referred to as a “straw boss,” which is something less than a foreman but more than an ordinary laborer.
Bennett appealed to the Civil Service Commission and the Department of Highways moved for the dismissal of the appeal on the ground that in his notice of appeal, he admitted the cause of the removal and therefore the appeal was moot. A hearing was conducted in Baton Rouge on May 5, 1960 and after preliminary argument, the motion for summary dismissal was .referred to the merits and the Commission proceeded to hear the appeal.
The central issue revolves around the cause and the procedure resorted to in effecting the dismissal. The dispute is focused on the second paragraph of the letter of dismissal which reads as follows:
“You have not .reported to work since December 29, 1959, and it is essential to the efficient operation of the department that we employ someone else to perform your duties.”
Briefly stated, it is Bennett’s position that the Department did not act in good faith in dismissing him for alleged cause, because the evidence indicates that the Department intended to lay him off. The Department, on the other hand, denies that they were laying Bennett off but rather contend that his dismissal was for cause, this cause being that he had not .reported to work after his sick and annual leave had been exhausted on January 21, 1960. Bennett shows that they did not employ any other person to perform his duties as stated in the second paragraph of the letter and the Department maintains that they did satisfy this requirement of employing someone else to perform the duties inasmuch as other employees already in the Department were “employed” to take over these duties.
The Civil Service Commission after hearing the evidence reached the following conclusions :
“The Department of Highways has attempted to evade the Civil Service *671 Rules governing layoff by dismissing a man for the expressed reason that it was ‘essential to the efficient operation of the Department that we employ someone else to perform’ his duties, when in fact the Department had no intention of replacing the employee. Although appellant might have been the only employee laid off had the layoff rules been followed, the Department in not complying with these rules has deprived appellant of valuable reemployment rights which he would have retained under our Rule 12.4(e) which reads as follows:
“ ‘If any permanent employee is separated by a layoff he may if he applies within one year of the layoff have his name placed on appropriate preferred lists restricted to the department which separated him for the class of position from which laid off and for all equivalent or lower classes of positions he is qualified to hold. His rank on a preferred list or lists shall be determined by his retention points as elsewhere provided in these Rules.’
“As an employee dismissed for cause, appellant has no re-employment privileges whatsoever; instead, under rule 8.18, he may not be reinstated within five years without prior approval of this Commission.
“The Department argues, as it did in Burton, No. 277, that it followed the directive of the Supreme Court in Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464, and that it cannot be denounced for so doing.
“The Dickson case has made it clear that an appointing authority is not required to keep a position open for a classified employee who because of injury or illness is absent from his duties beyond the time accumulated by him for annual and sick leave. But it has also made clear that such absence does not of itself provide good cause for dismissal unless the appointing authority can show that the employee’s replacement was essential in the interest of the efficiency of the public service. This the Department was able to establish in both the Dickson and Burton cases. The facts in those cases, however, are different from the facts presented here. Here there is no question that the efficiency of the service was affected by appellant’s absence — -To the contrary, the District Engineer testified that the work of the Department was handled as efficiently without appellant as it had been when he was working — except that the time taken by department employees to fill in reports concerning appellant’s leave without pay status had an effect on the efficiency of operation.
“The testimony leads to the inescapable conclusion that appellant’s job was not needed in the organization and should have been abolished. However, abolition of the job should properly have been accomplished by a layoff, not by a discharge.
“Accordingly, appellant should be reinstated with full pay from March 15, 1960, the day on which he was finally discharged by his physician. Nothing herein stated should be taken to prevent the Department of Highways from reducing its force through the proper layoff procedures.”
Both parties cite and rely upon the cases of Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464, and Burton v. Department of Highways, La.App., 135 So. 2d 588.
In the Dickson case, the appellant, a classified employee working for the Highway Department was disabled while working within the scope of his employment. After having received workmen’s compensation, including a final compromise settlement, he reported back to work. Dickson presented himself to the Department and *672 was examined by its doctors and found capable of performing his duties. However, the Department did not permit him to resume work and gave him no explanation until some time later. Subsequently, he was advised that he was discharged because he had not worked for a period of some two years and also that inasmuch as he had accepted a compromise settlement based upon a 25 per cent disability of his right arm his disability rendered him useless to the Department. Dickson appealed to the Civil Service Commission and his dismissal was upheld. Upon appeal to the Supreme Court of Louisiana, that Court held that the removal must be done in conformity with the law and in good faith ■during the period of disability and the Department could not delay the decision to terminate the service until the employee had recovered and reported willing and able to work. In establishing the criterion of removal for cause under these circumstances, '.the Supreme Court had this to say:
“The first clarified reason, that appellant had not worked since his accident on June 8, 1954, does not of itself provide good cause in the absence of a showing that his replacement as a classified employee was essential in the interest of the efficiency of the public service.”
The Burton case, only recently decided 'by this Court, presents an almost identical situation to the instant case. Burton, a •classified employee with permanent status in his position as an electrician for the Department of Highways, sustained an occupational accident on June 3, 1958. This accident resulted in a left inguinal hernia, for the correction of which he submitted to surgery on June 16, 1958. On July 7, 1958, Burton had been absent from his duties for nearly a month and had exhausted his leave time. In Burton’s absence, the Department had hired a three-month temporary substitute who was doing Burton’s job with the understanding that it was strictly temporary. Burton’s doctor estimated that he would be able to return to work on August 4, 1958. On July 8, 1958 notice was issued terminating his employment because of his absence since June 11, 1958. The Commission, with one member dissenting, concluded that the appointing authority was under no obligation to keep open the position of an injured classified employee beyond the time of his accumulated leave and dismissed Burton’s appeal, relying on the Dickson case as authority.
This court found that the Commission was quite right in concluding that the Dickson case was decisive of the issues involved in the Burton case but found that the Commission misinterpreted the holding. In that respect we had this to say:
“In our opinion the Dickson case is authority for the proposition that the inability of an employee to perform his duties resulting from sickness or accidental injury provides legal cause for separation from the classified service during such disability provided there is a showing that his replacement is essential to the efficient operation of the Department.”
It is important to note that the reason given for Burton’s dismissal was the identical reason given in the second paragraph of the letter to Bennett. We found in the Burton case that there was no evidence that it was necessary to employ someone else on a permanent status to perform the duties performed by Burton. The temporary substitute who replaced Burton was performing the duties of the position efficiently. Having concluded that there was no factual evidence offered that the efficiency of the Department was in any way affected by the temporary absence of Burton, this court was of the opinion that the dismissal was without valid reason, and restored Burton to his former status.
We are in agreement with the findings and conclusions of the Civil Service Commission ordering the re-instatement iff Bennett. Just as in the Burton Case, Bennett *673 was advised that “it is essential to the efficient operation of the department that we employ someone else to perform your duties.” Counsel for the Department contends both in brief and in oral argument that the word “employ” as used in the letter did not necessarily mean another employee, but rather included the utilization of other personnel to accomplish the duties of this position. While this argument may have some merit in a discussion of semantics, we are concerned with a practical, everyday, logical meaning and it fails to meet that test. In plain language, this phrase meant that it was necessary to the efficient operation of the Department that another person be employed or hired to take Bennett’s place as a Leaderman. That is actual replacement was not in fact necessary to the efficiency of the operation does not aid the Department’s legal position in this particular case — if anything, it lessens it. While it is desirable and commendable to cut costs and increase efficiency, there are procedures to accomplish this end. The evidence clearly indicates that the Department intended to abolish Bennett’s job as being no longer necessary to the efficient operation of the Department.
We find that Bennett’s replacement was not essential to the efficient operation of the Department and thus his dismissal was without proper cause. Obviously, the Department intended to accomplish a reduction in force and in an effort to further this end, Bennett was dismissed. However, the important point is that the Department dismissed him for cause, when it should have resorted to the layoff procedures provided by the Civil Services Rules of the State of Louisiana. It should be reiterated that this choice of procedures is not simply a case of tweedle dum and tweedle dee. Under the dismissal for cause, the employee is deprived of important re-employment privileges which are available to him under the layoff procedure. In the latter instance, his name is placed upon a preferred list should his former position become open in the future.
The decision of the Civil Service Commission ordering the restoration of Bennett to his permanent status as a classified employee of the Department of Highways is affirmed.
Affirmed.