BAILES, Judge.
This is an appeal by Elsie M. Bradford from the adverse ruling of the State Civil Service Commission upholding her dismissal from her permanent position as Nursing Aide II at the Huey P. Long Charity Hospital in Pineville, Louisiana.
In our consideration of this appeal, we find it necessary to discuss only the following assignment of error:
“By upholding the constitutionality and legality of Civil Service Rule 12.10 which reads as follows: ‘(a) An employee absent from duty because of illness or disabling injury who has exhausted all sick leave may be removed by his appointing authority. Such removal shall not disqualify him for non-competitive re-employment as provided in Rule 8.18.’ ”
In her brief before this court, appellant admits the correctness of the Commission’s findings of fact and sets them forth from the Commission’s opinion, as follows:
“ ‘1. Appellant became ill on September 28, 1967 and was temporarily disabled to perform her duties from that date continuously until the time of her separation on November 8, 1967.
“ ‘2. The illness required hospitalization for a period of approximately two (2) weeks.
“ ‘3. On or about November 1, 1967 appellant was still unable to resume her duties, and at that time discussed the matter with her supervisor advising the supervisor that she would be able to resume her employment about November 15, “* * * if her back was all right by then * *
“ ‘4. All of the shifts on which appellant would have worked (if able to work) from September 28 through November 8 (the date of the letter advising *893 of termination of employment) were actually covered and worked by temporary reassignment of other personnel in the hospital.
“ ‘5. On November 7, 1967, with an effective date of November 1, 1967, the appointing authority instituted formal personnel action to effect a job appointment of one Judy G. Langston. “* * . * substituting for Elsie M. Bradford who is on sick leave * *
“ ‘6. By November 8, the date of the letter advising of termination of employment, the appellant had exhausted all accrued sick and annual leave.
“ ‘7. The job appointment of Judy G. Langston, effective November 1, 1967, was deemed by the appointing authority to be necessary for the efficient operation of the hospital.’ ”
Appellant argues that the Constitution of this State provides that no classified employee having permanent civil service status may be dismissed except for cause, and cites and relies on the cases of Dickson v. Department of Highways (1958) 234 La. 1082, 102 So.2d 464, and Burton v. Department of Highways (La.App.1961) 135 So. 2d 588.
In appeals from the rulings of the Civil Service Commission, the decision of the Commission is final on its findings of fact, and the appeal be restricted to questions of law. We may not substitute our conclusion of the facts for that of the Commission.
The appellant’s position is that Rule 12.-10 is unconstitutional because it provides for the discharge of a classified employee for a reason which does not adversely affect or is not detrimental to the operation of that department, and for a reason wholly unrelated to the manner in which the employee had discharged his duties. This is the rationale of the Dickson and Burton cases.
At the time of the decision of the Dickson and Burton cases, Rule 12.10 of the Civil Service Commission was not in existence, The Louisiana Constitution, Article 14, Section 15(1) provides that “There is vested in the State Civil Service Commission * * * the authority and power * * * to adopt, amend, repeal and enforce rules which shall have the effect of law, regulating employment, transfers, promotion, removal, * * *, and carrying out generally in the foregoing respects, and as may be otherwise necessary to that end, the provisions and purposes of Civil Service as herein provided * * Under the provisions of Rule 12.10, which was adopted under the above quoted constitutional authority, any employee absent from duty because of illness or disabling injury who has exhausted all sick leave may be removed by his appointing authority.
An employee may not be discharged except for a cause sufficient in law, and for a cause to meet this standard it must be one that affects the efficient operation of the department. We find Rule 12:10 unconstitutional because this rule does not state a cause sufficient in law.
The demand of the appellant for back pay is non-suited because there is no proof in the record of the date she was physically able to return to work. Her right to demand back pay is reserved to her.
For these reasons, the decision of the Civil Service Commission is reversed and appellant is reinstated to her job.
Reversed.