405 So.2d 1219 (1981)
Donna F. BROUSSARD
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA CORRECTIONAL AND INDUSTRIAL SCHOOL.
No. 14337.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1220 James E. Spruel, Jr., Lake Charles, for appellant.
Annette R. Seng, Staff Atty., Dept. of Justice, Atty. Gen.'s Office, Baton Rouge, for appellee.
Laura Denson Holmes, Civil Service Legal Counsel, Dept. of Civil Service, Baton Rouge, for George Hamner, Director of the Department of Civil Service.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
The issue presented is whether or not the Civil Service Commission (hereinafter referred to as the Commission) acted properly in summarily dismissing the appeal of Donna F. Broussard from a decision to separate her from the position of Correctional Security Officer II.
Ms. Broussard had been employed by the Department of Corrections as a Correctional Officer at Louisiana Correctional and Industrial School since June 12, 1976. During this time she was absent from work for various illnesses, and beginning in mid-October 1979, was absent from work for approximately four weeks. When she returned to work on November 18, 1979, she was informed her sick leave had been exhausted as of November 13, 1979, and that she was suspended from her position. In a letter dated November 21, 1979, Ms. Broussard was informed by the Secretary of Corrections, C. Paul Phelps, she was being removed from her position under Civil Service Rule 12.10,[1] such termination being effective *1221 November 30, 1979. The letter referred to prior reprimands for tardiness and to a warning given on August 7, 1979, concerning her poor attendance record. The letter confirmed the verbal suspension of November 18, 1979, but did not advise her of her right to appeal within thirty days.
On her own initiative Ms. Broussard appealed to the Commission in a letter received December 5, 1979. She did not deny her various absences or the exhaustion of her sick leave but provided explanations for the absences. She also alleged she had been wrongfully penalized by the deduction of 80 hours sick leave which she took when injured in a work-related accident in December 1978. She contended that had this time not been deducted she would not have exhausted her sick leave. She asked the commission to "look into the matter" for her.
The Department of Corrections filed a motion for summary disposition of the appeal as authorized by Rule 13.14 (a)(2),[2] stating Ms. Broussard had admitted the charges which caused the termination and, therefore, there were no factual grounds of dispute for the Commission to hear. Ms. Broussard (through her counsel) filed a motion in opposition to the summary disposition. A hearing was held before the Commission on June 4, 1980, and the motion for dismissal was granted. Ms. Broussard has appealed to this court.
We agree with the appointing authority that Ms. Broussard did not state any legal grounds for relief in her letter of appeal. She admitted to having been absent and that her sick leave was exhausted. Although she contended she had been wrongfully charged with 80 hours sick leave in December 1978, we note this claim would have prescribed 30 days after she received written notification of such action or 30 days from when she learned of such action. Rule 13.12 (a) (1) and (2).[3]
Appellant contends the Commission erred in granting the motion for summary disposition in that she had several legal grounds on which to base her appeal. First, she argues her dismissal was invalid because she was not given the proper notice of her right to appeal, as required by Rule 12.3 (a) (2). Secondly, she argues her dismissal was invalid because she was not given proper reasons for her suspension, as required by 12.2 (a). Thirdly, she contends she was not given the proper notification of her suspension because she was so informed only when she reported back to work, citing Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464 (1958), rehearing denied 1958. Finally, she contends the dismissal was improper because there is no evidence in the record showing that her replacement was essential to the operation of the department, citing Rule 12.10 and Burton v. Department of Highways, 135 So.2d 588 (La. App. 1st Cir. 1961), cert. denied 1962.
Concerning the first issue, our Supreme Court recently considered a similar *1222 matter in Sanders v. Dept. of Health & Human Resources, 388 So.2d 768 (La.1980). In Sanders, the appellant contended her dismissal had been invalid because of the appointing authority's failure to comply with Rule 12.3 (a) (3), which requires the appointing authority to furnish the Director a copy of the written reasons for dismissal. The court decided the Rule was directory rather than mandatory and concluded there had been no prejudice to the appellant because of the violation of the Rule. The court limited its holding to Rule 12.3 (a)(3) and stated that each rule must be classified separately after considering its importance to the Civil Service scheme and after considering any prejudice to the employee caused by the violation of the rule.
We admit the notification of the right to appeal is important to the Civil Service scheme. But under the facts of this case we hold the dismissal was valid in spite of the violation, because Ms. Broussard suffered no prejudice. Although not officially informed of her right to appeal she did timely file an appeal (in the form of a letter) and her appeal complied with the requirements of Chapter 13. Although the letter did not contain the various grounds for an appeal she is arguing here, we can consider those grounds for the first time in this court. Since Ms. Broussard was not prejudiced by the violation of Rule 12.3 we do not find the summary dismissal invalid for that reason.
Appellant's second argument is that she was not properly informed of the reasons for her suspension as required by Rule 12.2 (a). We quote from the Rule as follows:
"An employee who is suspended without pay shall be so notified by his appointing authority on or before the effective date of the suspension. Each permanent or probationary employee so suspended shall be furnished detailed reasons therefore in writing within fifteen calendar days following the effective date of the suspension. A copy of such detailed reasons shall be furnished the Director."
An examination of the letter written by the Secretary of Corrections, dated November 21, 1979, shows appellant's argument to be without merit. The appointing authority complied with the above rule by informing Ms. Broussard of her suspension on the effective date of the suspension which was November 18, 1979, the date she returned to work. The letter was written within the fifteen day period and provides adequately the reasons for her termination. The last line of the letter reads, "This will also confirm your verbal suspension of November 18, 1979." We find it apparent that this reference to the verbal suspension indicated the reasons for the suspension were the same reasons as those given for the termination. Appellant is asking for a hypertechnical interpretation of the rule by asking us to say there were no reasons given for the suspension. A common sense reading of the letter leaves no doubt as to the reasons for the termination or for the suspension.
Appellant's third argument is that she was not discharged properly because she was not informed of her suspension until she returned to work, ready and able to perform her duties. The above quoted statute makes it clear it is legitimate for the appointing authority to inform the employee of the suspension on the effective date of such suspension, which was done in this case. Appellant cites Dickson, supra, for the proposition that it is invalid to remove an employee from his or her position after the employee reports back to work. The facts of Dickson make it easily distinguishable from the present case. There the employee had been injured in a work-related accident and had been disabled and drawing workmen's compensation for approximately a year and a half. When he reported back to work he was not allowed to resume his position but was given no reason for the appointing authority's refusal until five months later. Certainly under the facts of Dickson the court was justified in saying that the termination must take place during the period of disability and that notice must be given in conformity with the law. But in the present case the *1223 verbal suspension was presented the day Ms. Broussard returned to work and the written reasons timely followed. Therefore, there is no merit to the argument that the suspension was not appropriately executed.
Finally, appellant argues the dismissal was in violation of Rule 12.10 (a) which requires the appointing authority to certify to the Director that the interests of the service require that the duties of the position be carried on without further interruption. She cites Burton v. Department of Highways, supra. The facts of Burton are quite different from the facts of the present case because in Burton a temporary employee had been hired to perform Mr. Burton's duties while he was not able to work. The court found no evidence in the record showing that it was necessary to replace Mr. Burton with another permanent employee rather than allowing the temporary employee to continue until Mr. Burton was able to return. Certainly, in that situation it becomes crucial that the appointing authority show the termination is absolutely necessary.
However, in the present case there is no evidence of a temporary employee being hired to perform Ms. Broussard's duties, therefore, we must assume her position was left vacant while she was out and her duties were left unperformed. The institution involved is a correctional school and Ms. Broussard served as a correctional officer. The facts speak for themselves. The continued and prolonged absence of a correctional officer at a correctional school will undoubtedly severely interfere with the smooth operation of the school. We find this fact to be self evident and in this case no additional evidence is required. Again, because there was no prejudice to the employee, we refuse to say the violation of this rule rendered her dismissal invalid. Sanders, supra. See Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970).
For these reasons, the decision of the Commission is affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] Rule 12.10 reads as follows:

"(a) An employee absent from duty because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave, may be removed by the appointing authority upon certification to the Director by such appointing authority that the interests of the service require that the duties of the position be carried on without further interruption. Such removal shall not disqualify the former employee for non-competitive reemployment as provided in Rule 8.18.
(b) Notice of such action shall be given pursuant to the provisions of Rule 12.3."
[2] This rule allows any interested party to file a motion for summary disposition on the grounds that the appellant has no legal right to appeal.
[3] Rule 13.12 provides in part as follows:

"(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules: or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules, or, if required, was given tardily or not at all."