CRAIN, Judge.
This is an appeal from a decision of the State Civil Service Commission upholding the termination of the appellant, Emelda Pierre, from her position as a Typist Clerk III. Appellant had acquired permanent status.
By letter of dismissal dated December 12, 1980, over the signature of Jerry D. Hill, Undersecretary, appellant was advised that effective at the close of business December 19, 1980, she was being terminated pursuant to Civil Service Rule 12.10. Specifically, the letter of removal states that as of the close of business October 17, 1980, appellant was granted six weeks of maternity leave. She was to return to work on December 1, 1980. The letter recites that as of the date of the letter of removal, appellant had not returned to work as scheduled and had exhausted all her sick leave. The letter recites that on December 11, 1980, appellant spoke to Nancy Ernst, a co-worker, and told her that a letter from her physician was forthcoming recommending that appellant not return to work until March 9, 1981. The letter was received on December 12, 1980. The letter of dismissal further recites that appellant was the only clerical support for the New Orleans Office of the Air Quality Division and therefore, her position had to be filled.
On February 11, 1981, a notice of appeal to the State Civil Service Commission was filed by appellant. On February 25, 1981, *598 counsel for the appellee filed a Request for Summary Disposition alleging the appeal was untimely. On March 13, 1981, appellant filed a brief in opposition to the Request for Summary Disposition arguing that appellant did not receive written notice of the dismissal until February 1, 1981, and her appeal was filed on February 11, 1981, well within the thirty days provided for in Civil Service Rule 13.12.
By opinion filed on November 12, 1982, the Commission ordered the appeal heard on the merits but ordered that all evidence concerning discrimination be excluded because appellant did not plead discrimination with the specificity required by Civil Service Rule 13.11(d).
A public hearing on the merits was held before the Commission in New Orleans on January 18, 1983. Based upon testimony and evidence received, the Commission, in a judgment rendered March 18, 1983, made the following findings of fact and conclusions of law:
FINDINGS OF FACT
Appellant had been employed as a Typist Clerk III, with the Office of Environmental Affairs, Department of Natural Resources, during the year of 1980.
In the month of October, 1980, appellant requested maternity leave from her supervisor, Orey Tanner. At that time, appellant was the only clerical employee in this office. Appellant requested more than six weeks maternity leave. Appellant was advised that an employee could only be granted six weeks maternity leave. Appellant was granted six weeks of maternity leave to begin at the close of business on October 17, 1980, and to end with her return to work on December 1, 1980.
Obviously, extending her leave beyond six weeks was in the forefront of the appellant’s mind, since she had requested longer than six weeks (which request was denied), and also asked her supervisor, Orey Tanner, how she could extend her leave if six weeks was not enough. Tanner told her that any request for an extension must be substantiated by a doctor’s statement to indicate the necessity for any additional leave.
Appellant exhausted her sick leave on November 9, 1980, and was put on annual leave until it was exhausted, and finally was put on leave without pay for the remainder of her six weeks leave period. Appellant had her baby on October 23, 1980. She testified that she went back for her six weeks checkup on December 3, 1980. At that visit at Charity Hospital, appellant secured a slip of paper from a doctor, whose name is illegible, which made some statement which is also mostly illegible. Appellant placed this slip of paper in an envelope with no other notations or comments and mailed it to her office. The postmark on the envelope in which this piece of paper was mailed indicates that appellant had carried this around for approximately a week and only mailed the slip on December 10, 1980. The slip was received in the Division of Air Control on December 12, 1980.
At no point during the pregnancy or prior to December 12, 1980, when the piece of paper had been received in the mail from appellant, had appellant ever called her supervisor or any official with the Department of Natural Resources, to request an extension of the six weeks leave that she had been granted. Appellant made absolutely no effort to fill out a leave request or verbally make a request for leave extension or advise her appointing authority when she would definitely be able to return to work.
On December 12, 1980, the appointing authority dismissed appellant for exhaustion of her sick leave and inability to return to work, and certified that it was necessary to fill her position to the Director of the Department of State Civil Service.
CONCLUSIONS OF LAW
Appellant argued before the Commission that since a temporary employee had been hired to work in the office, then the *599 appellant’s job did not, in fact, need to be filled. The Commission does not agree with this logic. The mere fact that a temporary or emergency employee had to be hired indicates that the job needed to be completed. The Commission has also cracked down on the use of emergency or temporary employment in positions that should be filled by a permanent employee. Since this employee had not reported to duty when she was scheduled to return, had not advised the appointing authority when she would be able to return, and had not requested additional leave, it appears logical that the appointing authority would deem it necessary to make other arrangements for a permanent employee to handle this job function at this office.
Appellant exhibited a notable disinterest in her job. She had requested and had been denied additional leave beyond the six weeks maternity leave before her baby was even born. After the baby was born, assuming six weeks from the date of the baby’s birth, appellant would have been expected to report for duty on December 3, 1982. Instead, appellant not only did not report to work, she did not even correspond with anyone in her office to indicate that she did not intend to come back to work. Her explanation that she had obtained a doctor’s certificate, which she mailed to her place of employment, is completely inadequate. The doctor’s certificate, which she supposedly obtained, was illegible to any average reader. Additionally, she carried this piece of paper for over a week before she even bothered to mail it to the appointing authority, and finally, she was only a few blocks from her place of employment when she went to the doctor’s office for this examination. It seems very logical that she could have called, stopped by, or picked up a leave request [form] to fill out if she intended to follow any normal procedures in requesting additional leave. Instead, she simply did not come back to work, did not contact anyone until the date of the disciplinary action, and did not appear to be following any routine requirements for approval of leave.
Appellant’s dismissal was upheld, and the appeal dismissed. From that decision, appellant appeals. Her only assignment of error is that the Commission committed manifest error in finding that the appointing authority was justified in terminating her under Civil Service Rule 12.10.
Civil Service Rule 12.10 provides as follows:
12.10 Special Provision for Separation of Sick or Disabled Employee.
(a) An employee absent from duty because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave, may be removed by the appointing authority upon certification to the Director by such appointing authority that the interests of the service require that the duties of the position be carried on without further interruption. Such removal shall not disqualify the former employee for noncompetitive reemployment as provided in Rule 8.18.
(b) Notice of such action shall be given pursuant to the provisions of Rule 12.3.
Under this provision an employee may be removed if absent from duty because of a disability which prevents performance of the usual duties and responsibilities of his or her position and who has exhausted all sick leave. For practical reasons, it is required that sick leave be used and credited in thirty minute segments. Civil Service Rule 11.13(c). Appellant’s check stub shows she had left .2371 of sick leave. Consequently, under Rule 11.13 requiring at least 30 minutes of sick leave in order to have any credit, appellant had exhausted all sick leave.
Civil Service Rule 12.10 requires that sick leave, not annual leave, be exhausted at the effective date of termination. We agree with the Commission that annual leave cannot be considered in conjunction with sick leave in order to apply Civil Service Rule 12.10(a). Consequently, *600 we conclude appellant had exhausted all sick leave and was subject to termination under the provisions of Civil Service Rule 12.10(a).
Appellant further urges that the Commission’s conclusion that the appointing authority carried its burden of showing sufficient grounds for the removal was erroneous. She contends there is insufficient proof that her termination was necessary in order for the duties of the position to be carried on without further interruption and that such a determination is necessary.
Findings of facts by the Commission are entitled to great weight and will not be disturbed on appeal absent a showing of manifest error. Williams v. Department of Public Safety, Office of State Police, 415 So.2d 543 (La.App. 1st Cir. 1982). We note that appellant was dismissed by the appointing authority “[pursuant to the authority contained in Civil Service Rule 12.10_” Under that rule the appointing authority has the burden of proving that “the interests of the service require that the duties of the position be carried on without further interruption.” Civil Service Rule 12.10(a); Burton v. Department of Highways, 135 So.2d 588 (La. App. 1st Cir.1961). The Commission made no finding whatsoever with reference to the necessity for terminating appellant in order for the duties of the position to be carried on without interruption. The Commission was concerned with what they found to be a failure to properly obtain leave beyond the six weeks originally granted. On the other hand the appointing authority conceded from the outset that they knew appellant desired leave beyond the normal six weeks and that appellant communicated with at least two people in the office with reference to this. Consequently, the findings of the Commission are not relevant to the reason for termination. We must therefore examine the record to determine whether the proof supports appellant’s termination under Civil Service Rule 12.10. We find that it does not.
The record reflects that a temporary employee, Nancy Ernst, performed appellant’s clerical duties while she was on maternity leave. There is no evidence to suggest an impairment or interruption in services due to appellant’s absence.
In Burton, 135 So.2d at 588, a temporary employee had been hired to perform Mr. Burton’s duties while he was absent from work. This court found no evidence in the record showing it was necessary to replace Mr. Burton with another permanent employee rather than allowing the temporary employee to continue until Mr. Burton was able to return. This court then held that Mr. Burton’s dismissal was without valid reason because the appointing authority failed to show that the termination was essential to the efficiency of the public service. Civil Service Rule 12.10 basically codifies Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464 (1958) and Burton, 135 So.2d at 588.
In Broussard v. Department of Corrections, Louisiana Correctional and Industrial School, 405 So.2d 1219 (La.App. 1st Cir.1981), there was no temporary employee to perform the duties of Ms. Broussard, therefore this court assumed her position was left vacant while she was out and her duties were left unperformed. Consequently, we held that the prolonged absence of Ms. Broussard undoubtedly interfered with the smooth operation of the correctional school and that this fact was self evident and no additional evidence was required.
The record here reveals that at the time of appellant’s termination, Nancy Ernst, an emergency appointee, performed appellant’s duties as well as her own without any problems or interruptions. However, Nancy Ernst was not appointed specifically to replace appellant while she was on leave. Nevertheless, where it is shown that another employee is performing the duties of the employee on leave, the principle of Burton, 135 So.2d at 588, requires that the appointing authority show that appellant’s termination and replacement *601 with a permanent employee were essential to the efficiency of the service.
The only evidence in support of the appointing authority’s contention that appellant’s termination was absolutely necessary is a statement found in appellant’s letter of termination, dated December 12, 1980, stating that since her position serves as the only clerical assistance for the New Orleans office of the Air Quality Control Division, it was essential that her position be filled. Also, the Undersecretary of the Department of Natural Resources, Jerry Hill, in a letter dated December 16, 1980, addressed to George Hamner at the Department of Civil Service asserted that it was essential that appellant’s position be filled in order to insure that there are no interruptions in services provided by the personnel in this area. Failure to fill this position assertedly would cause serious delays in the issuing of permits to industry regarding emissions to the ambient air. However, the testimony of the witnesses at the hearing on January 18, 1983, reveals the opposite.
Gus Von Bodungen, director of the Air Quality Control Division, testified that there were two Typist-Clerk III positions available in appellant’s office at the time of her termination and one of these positions was vacant at that time.
Orey Tanner, appellant’s direct supervisor, testified that he could not remember being without appropriate clerical assistance during this period of time and that his office was typically staffed by one clerical worker.
Appellant testified that Nancy Ernst, who performed the same duties as appellant, was in the hospital for several weeks sometime between July and October 1980, and that while Nancy was out she (appellant) performed the clerical duties of both positions alone.
The record reveals no factual evidence proving that the efficiency of the department was in any way affected by appellant’s temporary absence. Therefore, we hold that termination of appellant was without valid reason and the decision of the Civil Service Commission upholding the termination was manifestly erroneous. Civil Service Rule 12.10(a); Burton, 135 So.2d at 588.
For the foregoing reasons, the decision of the Civil Service Commission is reversed and it is ordered that appellant be reinstated to her position as a Typist Clerk III with permanent classified status as of March 9, 1981, the date she would have been able to return to work. Appellant is to receive back pay from March 9, 1981, along with all ancillary benefits. Appellee is to pay costs of this appeal. However, appellant’s prayer for reasonable attorney fees is denied. Appellant did not ask for attorney’s fees before the commission. Consequently, we cannot apply Civil Service Rule 13:35 to grant attorney’s fees. Additionally, there is no statutory authority that allows us to assess attorney fees for an appeal to this court.[1]
REVERSED AND RENDERED.
LANIER, J., concurs and may assign reasons.

. La.R.S. 42:1451 which authorized the Civil Service Commission to impose reasonable attorney fees incurred by an employee in successfully appealing the action of the employing department or agency has been declared unconstitutional by this court. In re Brisset, 436 So.2d 654 (La.App. 1st Cir. 1983), writ denied, 441 So.2d 749 (1983).