WATSON, Judge ad hoc.
I find myself in disagreement with the majority.
There is no question that we, like the District Court, are limited to a determination of whether the Board made a determination in good faith for cause. Marchia- *366 fava v. Baton Rouge Fire and Police Civil Service Board, 233 La. 17, 96 So.2d 26 (1957). As to the good faith of the Board, I have no doubt; however, the “cause” involved presents serious questions in my opinion.
I agree with the District Court that there is no constitutional prohibition against the employee resigning after he has been suspended, but that is not the issue in the present case. The issue here is whether an employee, who has previously tendered his resignation, which was accepted, and then is suspended prior to the date the resignation takes effect, and while he is still an employee in good standing, is entitled to insist upon a disposition of the charges brought against him by his suspension. I believe that he is.
My research indicates that this question has not been decided previously in Louisiana or in the other jurisdictions. I believe that we must view the entire set of circumstances presented in relation to the objects and purposes of the civil service laws to decide the question presented. First, I am especially concerned with the fact that through the actions of the appointing authority and the Board, appellant was effectively placed in a state of limbo during the pendency of this entire matter, although he timely entered an appeal. It will be recalled that following his suspension on October 17, 1969, he entered an appeal to the Board on November 3, 1969, in effect asking that his status be clarified.
No hearing was held, the Board failing to follow its constitutional obligation of holding a hearing within thirty days. LSA-La. Const, art. 14, § 15.1, Subsection 31.
In my view, appellant was in effect considered guilty until his innocence was declared, which is violative of the fundamental concepts of our law, both state and federal. Police officers, like other citizens, have constitutional rights. Flynn v. Giarrusso, 321 F.Supp. 1295 (D.C.1971). When a policeman has been illegally suspended, there is no question that he is entitled to his back pay. Hearty v. Department of Police, City of New Orleans, 238 La. 956, 117 So.2d 71 (1960).
It was only after all charges had been dismissed against appellant that the Board undertook to act and refer the whole matter back to the resignation entered and accepted in October, 1969.
I am also impressed with the fact that the appointing authority did not suspend appellant, if it so desired, for a period of time lasting only until the date of his resignation. Instead, he was suspended “until further notice”; and as far as I have been able to determine from the record, further notice was never given or received.
I am impressed with the description of an employee’s status and rights, relative to suspension, as outlined in State ex rel. Charles v. Board of Commissioners, 159 La. 69, 105 So. 228, which, while in the nature of dicta, has been cited with approval in City of New Orleans v. Jackson, 224 La. 771, 70 So.2d 679 (1953):
“The law has made no express provision for the suspension of defendant’s employees pending their trial. But it is manifest that a suspended employee has no just cause for complaint. He is indeed entitled to a speedy trial if he demands it, and the courts will see that he gets it without unreasonable delay. If, on trial, he is found guilty of the charge and duly removed, that ends the matter, since nothing in the law contemplates that the board should keep and pay an incompetent, or negligent, or dishonest employee; and thus his final discharge after trial relates back to the time when he earned such discharge by his own improper conduct. And if, on trial, it is shown that he has not merited discharge, then his suspension is a mere enforced vacation for which the board must pay him as if he had never been suspended. Hence plaintiffs’ demand for salary during suspension is wholly premature at this time. If, in due course, *367 they be reinstated by the board or by the courts, they will recover their salaries in full for the time of their suspension. And, if they are not finally re-instated, their claim will be without justification.” IOS So. at 230.
Under the circumstances of the present case, I believe that the actions (or lack thereof) by the appointing authority and the Board had the effect of placing Gibson on an “enforced vacation” with pay, as Justice St. Paul described the status in the Charles case.
It may be possible that the appointing authority could have suspended appellant until the date of his resignation or the Board could have held a hearing and entered such an order within thirty days after the appeal was filed. This supposition begs the question because neither of these things was done. Appellant was entitled, under the circumstances, to have a determination of his rights; and by failing to do so, the appointing authority and the Board have placed themselves in a position where he can now reclaim the rights which have been denied to him.
The purpose of civil service is to protect certain interests of the government and certain rights of the individual. By being suspended and having no determination of the situation, it is obvious that appellant not only was precluded from performing the duties of his position as a police officer in Baton Rouge, but was severely handicapped in any attempt to work in law enforcement (or other occupation) in any other area.
I conclude that appellant is entitled to be reinstated and to be paid at his proper rate of pay, less and except any salaries or earnings derived from other employment,[1] during the period from the time of his suspension.
I respectfully dissent.